## Ehremann, et al. v. Old F. G. Walker Distillery Company

### (Decided December 15, 1922.)

### Appeal from Nelson Circuit Court.

1. Appeal and Error—Evidence.—As the questions determined in this case rested largely upon the evidence the verdict returned by the jury, under instructions substantially correct, will not be disturbed by this court, it not being shown to be palpably and flagrantly against the weight of the evidence.

2. Corporations—Admissions by Officer.—Adverse admissions of an officer of a corporation are only competent against the corporation when they pertain to its business and when made by the officer of the corporation in the course of and in connection with the performance of his authorized duties.

3. Corporations—Admissions by Officer—Competency.—Admissions of an officer of a corporation are not competent against the company if made by the officer at a time when he is not in the course of his employment or acting for or on behalf of the corporation.

NAT W. HALSTEAD and SELLIGMAN & SELLIGMAN for appellants.

JOHN S. KELLEY and JOHN A. FULTON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The old F. G. Walker Distillery Company of Nelson county was sold at public outcry in pursuance to a proceeding in bankruptcy in 1916, at which sale James Beam and others became the purchasers. In the early part of 1917 they started to operate the distillery and during that season produced about 1,500 barrels of whiskey. Appellant Ehremann, as plaintiff below, seeks to recover as damages the difference between forty-five cents per gallon on 375 barrels of whiskey and the market price thereof at the end of the season, about June 1, 1917, the amount claimed being $16,200.00 upon the averment that in the latter part of 1916 appellant Ehremann entered into a contract with the distillery company through its officials, whereby he purchased 500 barrels of Belle of

Nelson Whiskey to be made by said firm during that season, at self-cost plus five cents per gallon, the cost then being estimated at about thirty-five cents, in bond; but at the time of the delivery of 125 barrels of the said whiskey some time in February or March, and when the cost of production was better known, it was agreed between the parties that the cost of production should be fixed at forty cents per gallon, to which five cents should be added, making forty-five cents per gallon; that appellant Ehrmann offered to pay for the 375 barrels of whiskey, then undelivered, and demanded delivery of said whiskey. It appears that at that time prohibition was rapily advancing as was also the price of liquors, and it is claimed by appellants that while forty-five cents was a good price for whiskey of this quality at the time the contract was made it advanced to $1.35 per gallon by the end of that year, and that in consequence of said advancement in price the distillery company declined and refused to deliver to appellant Ehremann the 375 barrels which he claims he had purchased. The pleading also avers that appellant Ehremann was ready, able and willing to take and pay for said liquor at all times and that he tendered the price and demanded the liquor, which was refused by appellee company. The appellee company denied it entered into a contract with appellant Ehremann for the sale of 500 barrels of whiskey, or any other quantity except the 125 barrels which it delivered to him. A jury trial was had at which a number of witnesses testified, which resulted in a verdict for the defendant company. Appellant Ehremann filed motion and grounds for new trial in which he set forth several reasons why the judgment should be set aside, but this motion was overruled, and he appeals to this court.

(1) It is appellant's contention that the court erred to his prejudice in refusing to give to the jury instruction "X," offered by appellant, and erred in giving instructions numbers 1 and 2, which the court gave on its own motion. Without copying these instructions, which are long, into the record, it may be said that instruction "X," offered by appellant, very clearly and logically presented the law of the case, and if given would not have been erroneous. However, the court gave to the jury instructions numbers 1 and 2 which are very similar indeed to those offered by appellant and substantially presented the law of the case. If there were errors in the instructions given by the court, they were harmless.

(2)   It is next insisted that the court committed error against appellant in refusing to allow him to prove by the witness Edelen the fact that he was down at or near the distillery a few days after it was started by Beam and had a conversation with Beam with respect to the sale of the product of the distillery in which connection Beam stated in substance that he had sold 500 barrels of whiskey to appellant Ehremann. It appears that Beam was the superintendent and general manager of the distillery company as well as a large owner therein and was in position to act for and on behalf of his company, and if he had made the statement in the course of his duties as superintendent and general manager of the distillery his admissions against the interest of the company would have been admissible as substantive evidence against the concern.   The rule as laid down in 1 R. C. L., p. 512, is to the effect that the declarations of an officer or agent of a corporation are the same as in the case of the agents of natural persons.   Officers of a corporation are mere agents and their declarations are binding upon it only when made in the course of, or in connection with, the performance of their authorized duties.   We have written in the case of Craig's Admr. v. Kentucky Utilities Company, et al., 183 Ky. 274, that the declarations of agents of corporations are binding on the corporations only when made in the course of, or in connection with, the performance of their authorized duties.   The evidence in this case shows that Edelen, who had once owned the distillery, happened to be in the vicinity and went to the home of Beam for the purpose of borrowing some farming tools and while there and at the distillery had a conversation with his neighbor and old friend Beam about the distillery and its product.   Without any question from Edelen, Beam stated in substance, according to the evidence of Edelen, that the company had sold to appellant Ehremann either 300 or 500 barrels of whiskey.   This statement was not made in the course of the business of the distillery.   Edelen was not trading or attempting to trade with Beam for any liquor or to sell him anything in connection with the business, and Beam was not, so far as the evidence shows, acting in the course of his employment or the scope of his authority.   It therefore appears that the statement of Beam to Edelen was not substantive evidence against the corporation but could be introduced alone for the pur-

pose of contradicting Beam, who denied having such a conversation with Edelen, and the trial court so ruled. Later, however, the appellant, through his able counsel got before the jury all this evidence, and the court properly admonished the jury that it could consider that evidence for the purpose of contradicting the witness Beam, if in fact it did so do.

(3)   It is also insisted by appellant that the court erred to his great prejudice in allowing counsel for appellee to ask leading questions of appellee's own witness, Joe L. Beam, who was a party in interest. We have read each of these questions and answers thereto with special care, and after full discussion have reached the conclusion that there was no error committed by the trial court in allowing this evidence. Most of it was given in contradiction to that of appellant Ehremann and his witnesses, who had stated in substance that the contract for the 500 barrels of whiskey was made about the time of the organization of the new corporation to take over the distillery property and that it was referred to and ratified by the parties to it at different times and places. In answer to such testimony on the part of the appellant, the appellee by counsel asked the objectionable questions, one of which reads: "Q.   I will ask you whether on that occasion there was any contract or agreement made between the members—stockholders of the company, or any of them—and Mr. Hilmar Ehremann selling him, in which he agreed to buy and the company agreed to sell him 500 barrels of whiskey to be manufactured in the spring of 1917?" The witness answered "No." This question is a fair sample of the others of which complaint is made. While it is leading in its nature, this fault is not to be taken as serious, in as much as the question and answer were directly contradictory of evidence given in chief by appellant and his witnesses. It allows the witness to say whether at a certain time and place any agreement or contract was entered into for the purchase of 500 barrels of liquor. The answer given to the question might have been either "yes" or "no," but being "no," it tends to contradict the evidence given by appellant and was allowable for that purpose only.

The question in this case was largely one of fact, and as it was properly submitted to the jury and found against appellant, we are unable to find any good reason for a reversal of the judgment.

The case was well prepared on both sides and counsel for appellant carefully and prudently saved every question so that it might be properly presented to this court. For the reasons indicated the judgment is affirmed.

Judgment affirmed.