### LUKMANIS v. UNITED STATES.
No. 45, Docket No. 22775.

United States Court of Appeals,
Second Circuit.

Argued Nov. 10, 1953.
Decided Dec. 4, 1953.

Harry Eisenberg, New York City (Jacob Rassner, New York City, of counsel), for appellant.

J. Edward Lumbard, U. S. Atty., New York City (James M. Estabrook, New York City, Haight, Deming, Gardner, Poor & Havens, New York City, Kenneth Gardner, James M. Estabrook and Robert J. Hallisey, New York City, of counsel), for appellee.

Before SWAN, FRANK and MEDINA, Circuit Judges.

PER CURIAM.

The appellant, a seaman who sustained injuries while employed on the appellee's

vessel, appeals from a decree awarding him $6,190, plus costs. The stated amount was made up of the following three items: general damages, $4,000; loss of wages, $1,380; maintenance, $810. The appeal challenges the inadequacy of the $4,000 item only. As to this counsel makes the amazing claim that it should be increased to $135,777.50.[1] The accident, which was found to have resulted from appellee's negligence, occurred on July 8, 1947, and caused the appellant to sustain fractures of the skull and of two or three fingers of his left hand. While still unconscious he was taken to the Roosevelt Hospital and was treated there from July 8, to July 23, 1947, when he was transferred to the United States Marine Hospital at Stapleton, Staten Island. There he remained as an in-patient until August 26, and as an out-patient until September 15, 1947. On November 12, 1947 he went to work as a seaman and served until December 23, 1947. Between that date and January 23, 1948 he received additional out-patient treatment at the Hudson and Jay Streets clinic of the Marine Hospital. Thereafter he sought no medical treatment for any condition resulting from the accident. He signed on as a seaman with the United Fruit Company on February 18, 1948 at which time he was fit for duty. The court found that he had made a complete recovery and that there was no causal relation between this accident and his lay-offs between voyages after February 18, 1948. His testimony that his sight, hearing, taste and sense of smell were seriously impaired the court did not believe. The trial was held in May 1952. Thereafter, on the libelant's motion the trial was reopened to receive the testimony of a doctor whose written report had previously been put in evidence. By supplemental opinion the trial judge adhered to his former opinion and findings.

 Concededly an appellate court has power to increase an award in ad-miralty. But the amount of damages sustained by an injured person is a question of fact, Mason v. United States, 2 Cir., 177 F.2d 352, 354, and upon an issue so difficult of quantitative determination, we do not interfere unless satisfied that the award is "so plainly out of measure as to be 'clearly erroneous.'" Carroll v. United States, 2 Cir., 133 F.2d 690, 693, 694. Although the libelant suffered serious injuries he sustained no permanent impairment and had made a complete recovery by February 18, 1948. We cannot say that the award is so inadequate as to be clearly erroneous.

Judgment affirmed.

---

**1.** The brief asserts that $25,000 should be awarded for "past damage" and $10 per day for "future damage" during a life expectancy of 30.35 years based on the American Experience Table of Mortality, and figured as $110,777.50.