**BIG SANDY REALTY COMPANY,**
Appellant,

v.

**STANSIFER MOTOR COMPANY et al.,**
Appellees.

Court of Appeals of Kentucky.

Oct. 12, 1956.

Joe Hobson, Prestonsburg, for appellant.

Howard & Francis, Prestonsburg, for appellee Stansifer Motor Co.

Stoll, Keenon & Park, Lexington, for appellee Maryland Cas. Co.

WADDILL, Commissioner.

The appellant, Big Sandy Realty Company, a corporation, filed suit against the appellee, Stansifer Motor Company, also a corporation, to recover money claimed to be due under a written contract alleged to have been made between the two corporations. On the first trial of the case the motor company obtained a verdict and judgment. On appeal, that judgment was reversed because the circuit court committed error in its ruling upon an important procedural aspect of the case. Big Sandy Realty Co. v. Stansifer Motor Co., Ky., 253 S.W.2d 601.

Upon the second trial the motor company again won a verdict. The instant appeal is prosecuted from a judgment dismissing the action.

The contract in question was purported to be signed on behalf of the realty company by Harry Malkin, its president, and on behalf of the motor company by Ben Stansifer, its vice-president and general manager. The contract recited that the realty company was to advance $9,000 to the motor company for the purpose of buying and selling automobiles; that the realty company, "by their representative, Harry Malkin," was to receive 50% of the profits, and that Malkin was also to receive $80 per week "as long as this money is in operation with" the motor company. The contract acknowledged receipt by the motor company of the sum of $2,000.

The defense to the action was (1) that no such contract had been executed by Stansifer, and (2) that if he did sign the contract, it was beyond the scope of his authority as an official of the defendant corporation and was not binding on the corporation.

The contract was dated June 21, 1949. Ben Stansifer died in August, 1949, and this action was instituted shortly after his death.

Appellant urges several grounds for reversal of the judgment, some of which were decided adversely to it on the former appeal. For instance, appellant again insists it was entitled to a directed verdict in its favor. However, in view of the fact that the evidence on the second trial was substantially the same as it was on the first trial, the opinion of this Court upon the former appeal which decided this question becomes the law of the case and precludes further consideration of the alleged error. Kentucky Road Oiling Co. v. Sharp. 257 Ky. 378, 78 S.W.2d 38; United Talking Machine Co. v. Metcalf, 174 Ky. 132, 191 S.W. 881.

The appellant undertook to prove by several witnesses that Ben Stansifer had made the statement that Harry Malkin had furnished him some money for the purchase of used cars. The court excluded this testimony, and appellant claims this was error. This character of testimony was inadmissible against the appellee corporation because there was no proof of Stansifer's authority to make the alleged contract on behalf of the motor company. Ritter v. Kentucky-Tennessee Light & Power Co., 287 Ky. 43, 151 S.W.2d 435; Ehremann v. Old F. G. Walker Distillery Co., 197 Ky.

244, 246 S.W. 789; Caddy Oil Co. v. Sommer, 186 Ky. 843, 218 S.W. 288; and Fordson Coal Co. v. Wells, 245 Ky. 291, 53 S.W. 564. Nor did the statement of Stansifer tend to show that the money came from Malkin in accordance with the alleged contract so as to make it admissible on the question of ratification of the contract by the motor company. Big Sandy Realty Co. v. Stansifer Motor Co., Ky., 253 S.W.2d 601.

Appellant insists that it was error to allow appellee to show that Malkin and his children were stockholders of the appellant company. Appellant contends that the real purpose of this interrogation was to prejudice the jury by revealing the fact that Malkin and his family are of Jewish origin. This argument is conjectural because the record discloses no mention of Malkin's origin, except that it was brought out by appellant's counsel that Malkin was educated in Russia.

■ The court also permitted testimony, over the objection of appellant, that Stansifer had said that Malkin had no interest in appellee's company. We agree with appellant that this testimony was irrelevant. However, we have decided that the testimony complained of was of a nonprejudicial character.

■ The next complaint is directed at instructions "C" and "F". Appellant urges that instruction "C" is erroneous in that it specifically advised the jury that Stansifer was "without authority to make the contract * * *," when there was testimony that Stansifer was vice-president of the appellee motor company, made business trips for it and supervised its employees. Such evidence is wholly inadequate to establish the authority of Stansifer to make the alleged contract in behalf of his company. On this point we shall repeat the language we

used in the opinion on the first appeal wherein we disposed of this contention as follows:

"* * * We agree that the authority of Ben Stansifer to make the contract was not established, because there was no proof of express authority, or of apparent authority to make a contract of this nature, or of a 'custom of dealing' from which the authority could be implied. * * *."

Since there was no substantial difference between the proof on this phase of the case on two trials, we are constrained to follow the law of the case rule.

■ Instruction "F" is criticized by the appellant because the instruction did not permit a recovery by the appellant for the money allegedly advanced to appellee company by Harry Malkin. However, there is no basis for this criticism in view of the fact that the action was between two corporations. Certainly, the appellant realty company would not be entitled to collect money advanced by Harry Malkin to the appellee company. Hence, we think the instruction correctly limited the possible recovery to such sums that were advanced to the appellee company by the appellant. We have read all the instructions given in this case and find that when they are read and considered together they adequately and correctly covered the issues in the case.

In view of the conclusions we have reached, the question raised concerning the authority of the court to cancel the restoration bond is moot.

We think the appellant was given a fair trial, and, therefore, the judgment is affirmed.

HOGG, J., not sitting.