Mildred Nadine ARMSTRONG, Personal Representative and Administratrix of the Estate of Eldron (Curley) Armstrong, et al., Appellants,

v.

Marie McGUIRE, Appellee.

Court of Appeals of Kentucky.

Oct. 17, 1958.

As Modified on Denial of Rehearing

Dec. 12, 1958.

O. F. Duval, Olive Hill, for appellants.

H. R. Wilhoit, Grayson, W. H. Counts, Olive Hill, for appellee.

PER CURIAM.

This is a motion for an appeal from a judgment awarding appellee, Marie McGuire, damages in the sum of $2,128 against appellants, Mildred N. Armstrong, as administratrix of the estate of Eldron Armstrong, Mildred N. Armstrong, as an individual, C. Tackett and Harlan A. Kash.

■ We conclude the lower court did not abuse its discretion when it allowed all the evidence of decedent, Eldron Armstrong, and appellants, Harlan Kash and C. Tackett, introduced at a former trial of this case, to be read to the jury in the present action. The ruling of the trial court in this respect did not disregard the provisions of KRS 422.150 and CR 80, as contended by appellants. The witnesses whose testimony was read were all along parties to the litigation, and the restrictions in KRS 422.150 upon reading the testimony of "witnesses" do not apply to the testimony of adverse parties.

■ The lower court properly held that the questions of negligence and contributory negligence were jury questions, since the evidence in the present record does not materially differ from that in the record formerly appealed from. See Armstrong v. McGuire, Ky., 283 S.W.2d 366, where these questions were settled and therefore are the law of the case. Also, the facts developed at the trial of this case fully justified the giving of "Instruction 1".

It is our view the verdict was not excessive. Appellee's tibia was fractured into the ankle joint and, seven years after the accident, she still suffers from pain and swelling. We believe, too, the X-ray photograph was competent proof. On the issue raised, competent medical evidence fully revealed appellee's condition to the jury.

Although other alleged errors were urged for reversal, we shall not discuss any of these, because our consideration of the entire record leads us to conclude this case was correctly decided in the lower court.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.