Catherine **THOMAS**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 14228.**

United States Court of Appeals
Seventh Circuit.

Jan. 27, 1964.

Edward J. Kelly and John T. Coburn, Chicago, Ill., Coburn, Kelly & Roan, Chicago, Ill., of counsel, for appellant.

Frank E. McDonald, U. S. Atty., Barry J. Freeman, John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff appeals from a judgment, in her favor, of $11,321.20 in a personal injury action under the Federal Tort Claims Act.[1] The ground of appeal is the inadequacy of the award for pain and suffering.[2]

The unique issue presented is: Whether the district court erred in allowing only nominal damages for the element of pain and suffering on the ground that plaintiff, because of her mental illness aroused by the injury, received a "certain gratification."[3] We think the district court erred.

The government's mail truck was negligently driven into the automobile in which plaintiff was riding. The negligence caused plaintiff's "cerebral concussion, contusion to the soft parts of the neck, and post concussion shock."

Three years before the occurrence plaintiff was hospitalized and treated six months for a "psycho neurotic reaction, depressive reaction." She was discharged, "Treatment completed, not mentally ill." After her discharge from the hospital she worked steadily to support herself and her children. She was given increased responsibilities by her employers and periodic pay raises, and during this period of employment she sought medical attention only on two occasions, once for a minor ear infection, and once for a wrenched ankle.

The injuries inflicted by the government were a substantial factor in arousing plaintiff's dormant "psycho neurotic * * * depressive reaction." She suffered pain for more than two years and wore a neck brace for more than six months. She was hospitalized three times following the accident and was unable to return to work for two years.

 There is no evidence that plaintiff received "gratification" from the pain and suffering.[4] The finding to that

---

1. 28 U.S.C. § 1346(b).

2. $100 was awarded for pain and suffering.

3. The relevant findings are:
"14. The Court further finds * * * that the nature of plaintiff's mental illness was such that she received in her own mind certain gratification for the physical ails which she had received and for which [she] was being treated in the sense that it provided for her an explana-

tion or excuse for her basic problems of anxiety and insecurity.
"15. The Court further finds that because of the above specified finding, plaintiff is entitled to recover for pain and suffering, but the award therefor will be the nominal sum of $100.00. * * *."

4. We take it, from the court's oral decision, that "gratification" was used in the sense of "enjoyment."

effect is clearly erroneous. The evidence was that she was "ripe" for the reaction she experienced as a result of these injuries; that the injuries "fed" her problems and were the "precipitating cause" for the way she handled her anxieties "through summitization or putting the anxiety—attaching it to organ systems or the neuromuscular system."

We take this evidence to mean that the superimposition of physical injuries upon her psychic problem increased her anxieties to such an extent that she could no longer keep them under control, and as a result she underwent a more extreme reaction than would normally follow. Her marked hypochondriasis or inclination to refer anxieties to physical sources does not warrant the inference that she received "enjoyment" or "gratification" from the pain caused by her injuries.

The effect of the finding that plaintiff's "gratification" should be balanced against the pain and suffering to provide only nominal damages is to apply a rule that where one inflicts an actionable injury and arouses the victim's dormant mental illness, as a result of which the victim's real pain and suffering somehow feeds the victim's psychic problem, a balance should be struck between the real pain and suffering and the "gratification" to the victim's psyche to arrive at a net quantity of pain.

We think the secondary effect of plaintiff's injuries did not lessen the obligation of the court to allow, and the government to pay, reasonable damages for plaintiff's pain and suffering. Ill. Jury Pattern Instructions 30.03, Watkins v. Town of Cicero, 312 Ill.App. 380, 37 N. E.2d 785 (1941). The secondary effect did not diminish the damage to plaintiff. If that effect is plaintiff's "summitization" of the pain and suffering it is of no concern to the tort-feasor.

The government argues in support of the court's ruling that there are some elements of pain, real enough to the victim, which are the natural and probable consequences of defendant's negligence, but which are nevertheless not compensable in law because of the plaintiff's peculiar psychological makeup. On the contrary, the tort-feasor takes the victim as he finds him.[5] Until the sciences of law, psychiatry and psychology co-develop to a stage at which there is a fuller understanding of human pain and suffering,[6] we think it unwise to formulate a rule of damages which reduces the compensation for an injured plaintiff to a "net," after crediting the tort-feasor with a secondary effect of the injury due plaintiff's psychic weakness, aroused by the injury.

The court allowed $3,536.20 for medical expenses, $7,685.00 for lost earnings, and the disputed $100.00 for pain and suffering, which is admittedly an element of damages. We hold the $100.00 was inadequate.

In this non-jury case we consider the unchallenged findings of the district court sufficient to enable us to order an increased allowance for plaintiff's pain and suffering. Wajdak v. United States, 170 F.2d 908 (5th Cir. 1948), Lukmanis v. United States, 208 F.2d 260 (2d Cir. 1953), 6 Moore, Federal Practice, ¶59.05 at 3755 (2d ed. 1953), 14 Cyclopedia of Fed.Proc. § 68.09 at 388 (1952). See also 5 Am.Jur.2d, Appeal and Error, § 946 (1962). The Court found that plaintiff received "medical attention from * * * doctors, including specialists, on the occasion of three extended periods of hospitalization and a rehabilitation course aimed at both a cure of her physical ails and her mental problem." She was "wholly and totally" unable to return to her employment for about two years

5. See Seavey, Principles of Torts, 56 Harvard L.Rev. 72, 91 (1942).

6. "There is much folklore concerning psychic injuries being presented in the courts daily. There is a consequent need for scientific illumination of all facets of these vexatious problems to insure just compensation for the claimant while at the same time protecting the defendant against extortionate verdicts." Smith, Problems of Proof in Psychic Injury Cases, 14 Syracuse L.Rev. 586, 592 (1963).

382

during which she suffered pain. We think a fair allowance for pain and suffering would increase this judgment from $11,321.20 to $18,500.00. See Goertz v. Chicago & N. W. Ry. Co., 19 Ill.App.2d 261, 153 N.E.2d 486 (1958) (concurring opinion).[7]

Judgment reversed and cause remanded with direction to enter judgment in plaintiff's favor for $18,500.00.

7. The "test" developed in the specially concurring opinion in Goertz v. Chicago & N. W. Ry. Co., 19 Ill.App.2d 261, 277, 153 N.E.2d 486, 494 (1958), was to support the awarding of a remittitur of $100,000 where the judgment was excessive. This same "test" supports this court's synthesis of an additur where the judgment is inadequate.