Thomas Scott SILER, Appellant,

v.

Elsie WILLIFORD, Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1964.

Robert J. Watson, Middlesboro, for appellant.

William S. Tribell, John J. Tribell, Middlesboro, for appellee.

MONTGOMERY, Judge.

Thomas Scott Siler has appealed from a judgment by which Elsie Williford was awarded $15,000 for damages for injuries arising out of an auto collision. This is a second appeal. See Siler v. Williford, Ky., 350 S.W.2d 704, in which an award of $6,741 was reversed. The facts on the second trial were substantially the same as on the first except for variations in estimates of speed and distances and the proof of injuries.

Briefly, the case involves a collision between the Williford car, coming out of a private driveway, and the Siler car, traveling on Cumberland Avenue in Middlesboro. The collision occurred about 12:35 a. m. on a foggy night in October.

Appellant contends that KRS 189.330(7) is mandatory in requiring the driver of the vehicle about to enter or cross a highway from a private road or driveway to yield the right of way to all vehicles approaching on the highway. He says that the trial court should have held as a matter of law that appellee was contributorily negligent and that the court was in error in overruling his motions for directed verdict and for judgment notwithstanding the verdict.

Considering similar evidence heard on the first trial, this Court held that the issue of plaintiff's (appellee) negligence was for the jury. Appellee urges that the law of the case rule governs and that the decision on the first appeal controls. When an appellate court decides a question concerning evidence or instructions, the question of law settled by the opinion is final upon a retrial in which the evidence is substantially the same and precludes the reconsideration of the claimed error on a second appeal. Big Sandy Realty Company v. Stansifer Motor Company, Ky., 294 S.W.2d 529; Armstrong v. McGuire, Ky., 317 S.W.2d 902; Copley v. Craft, Ky., 341 S.W.2d 70. Cf. Union Light, Heat & Power Company v. Blackwell's Adm'r, Ky., 291 S.W.2d 539, 87 A.L.R.2d 264. The motions were correctly overruled.

With respect to whether KRS 189.330(7) imposes a mandatory duty on the driver on a private road or driveway, this Court, in the earlier opinion, held that "the matter of who has the right of way is relative, notwithstanding the literal language of the statute." Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337. This Court, in the earlier opinion herein, directed the giving of an instruction embodying the principle that it was the duty of the driver of appellee's automobile before entering Cumberland Avenue to yield the right of way to appellant's approaching car and not to attempt to enter the street if the approaching car was so near that the driver of the appellee's car could not, by the exercise of ordinary care, avoid the collision. The jury was so instructed on the second trial. Appellant's complaint as to this instruction is also rejected by reason of the law of the case rule previously stated. The same answer is made concerning the objections made to Instructions 1, 2, and 3, which were the same as were given on the first trial. Dunaway v. Darnell, Ky., 323 S.W.2d 857.

Appellant contends that there was no proof of permanent injury and impairment of the power to earn money; hence, no instruction on this point should have been given, and, consequently, there is insufficient proof to sustain the damage award. He also says that the award is excessive.

Appellee sustained multiple lacerations about the face, leaving scars on her nose and forehead. She also suffered multiple bruises and lacerations of her lower extremities. Her most serious injury was a fracture of the jawbone where it connects to the skull. This injury necessitated keeping her jaw immobilized for six weeks, dur-

ing which time she lived on liquids taken by means of a straw. There was medical testimony of the permanent nature of her facial scars, of the jaw injury, and of a partial loss of hearing. Her medical expenses were in excess of $700. She was hospitalized twelve days and she returned to work part time about two months after being injured. She had been employed in the nursing service at the local hospital at $250 per month. On the occasion of the second trial, she was still working, and at a small increase in pay. At the time of the accident, she was forty-eight years of age.

In Moore v. Hart, 171 Ky. 725, 188 S.W. 861, this Court held that when the injury is permanent, failure to show the impairment of one's earning power is not fatal to a recovery. In Spurlock v. Spurlock, Ky., 349 S.W.2d 696, it was held that a married woman who has sustained permanent injuries may recover therefor without direct proof of any specific pecuniary loss. Under the circumstances of this case, the instruction was justified and the damages are not excessive.

Judgment affirmed.