Ainsley **TRAYLOR**, an Infant by Next
of Friend, Joyce Day, Plain-
tiff-Appellant,

v.

**UNITED STATES** of America,
Defendant-Appellee.

No. 17989.

United States Court of Appeals
Sixth Circuit.

June 26, 1968.

John A. McCrea, Louisville, Ky. (John A. McCrea, Edward G. Gildersleeve, Jr., Louisville, Ky., on the brief), for appellant.

Ernest W. Rivers, Louisville, Ky. (Ernest W. Rivers, U. S. Atty., Philip Huddleston, Asst. U. S. Atty., Louisville, Ky., on the brief), for appellee.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

Pursuant to the Federal Torts Claims Act, 28 U.S.C. § 1346(b), the Plaintiff-Appellant brought this action for personal injuries in the United States District Court for the Western District of Kentucky. The United States admitted liability, and the question of damages was submitted on deposition to the District Judge sitting without a jury. From a judgment of $5000, the Plaintiff-Appellant has brought this appeal contending that the award was inadequate and that the District Court erred in failing to make a finding of permanent injury. We vacate the judgment of the District Court and remand the cause for clarification and further findings.

Ainsley Traylor, the seven-year-old Plaintiff, was standing in a crowd of spectators watching a military demonstration of an assault on a fortified position when she was struck in the abdomen by a misdirected dummy round fired from a 3.5 inch rocket launcher, commonly called a bazooka. The impact of the round caused a long jagged tear encompassing almost the entire right quadrant of the Plaintiff's abdomen. The attending doctor described the wound as "more bruising and tearing than we would ordinarily see from an average automobile accident * * * It would certainly be more comparable to a shot gun wound." Although the injured child was hurried to the hospital and to the operating room, she lost almost enough blood to send her into severe shock. Any internal injuries, however, were apparently not serious: a pierced intestinal wall and minimal injury to the kidney and bladder were the only damage noted by the surgeon, and Ainsley made an amazingly fast recovery. She was hospitalized for only eight or nine days, but during that time she suffered the discomfort of keeping drains in the wound and also suffered from nausea

and vomiting. While homebound for six weeks after leaving the hospital, she also suffered considerable discomfort from gas build-up in the intestines. Although her internal injuries were not permanent, Ainsley has a long, ragged scar covering the right front and right side of her abdomen. The attending physician testified that the scar would remain about the same size, coloration, and condition and that there was a danger of the development of a hernia because of the weak nature of scar tissue.

The District Court found that medical and hospital expenses totaled $764.65 and without any further findings concerning particular elements of damages found total damages to be $5000. Of this amount, the Court allowed $1000 as attorney's fee.

■ The first issue raises questions concerning the scope of review of a trial court's award of damages where the sole error is the alleged inadequacy of the award. It is well settled in the Circuits that when the trial is before a court without a jury the determination of damages is a question of fact and that an assessment of damages can be reversed when "clearly erroneous" just as can any other finding of fact.[1] United Mine Workers of America v. Osborne Mining Co., 279 F.2d 716 (6th Cir. 1960); Apex Mining Co. v. Chicago Copper & Chemical Co., 340 F.2d 985 (8th Cir. 1965); Cunningham v. Rederiet Vindeggen A/S, 333 F.2d 308 (2d Cir. 1964); United States v. Horsfall, 270 F.2d 107 (10th Cir. 1959); Sanders v. Leech, 158 F.2d 486 (5th Cir. 1946). On the record before us, we are of the view that had we been the triers of fact in the first instance we would have granted a larger award to the Plaintiff, but that is not the test to be applied. The difficulty with this case is that we are unable to determine from the District Court's order and from the record on appeal whether the award was "clearly erroneous". Rule 52(a) Federal Rules of Civil Procedure, requires the trial court to "* * * find the facts specially and state separately its conclusions of law * * *." We have recently emphasized the importance of compliance with Rule 52(a) in patent cases. B. F. Goodrich Co. v. Rubber Latex Products, (6th Cir. 1968). Compliance is no less important when the findings of fact and conclusions of law relate only to the amount of damages in a tort action. Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1956). In the instant case, except for a finding concerning medical and hospital expenses, no findings or conclusions were made concerning the only matter in dispute—the damages due the Plaintiff.

■ But this is not a case where the only element of damages is pain and suffering, thus making special findings of fact on damages unnecessary. Clearly, the Plaintiff is entitled to damages for pain and suffering. Although under Kentucky law the Plaintiff cannot recover for disfigurement, she is entitled to recover incidental damages for the cost incurred or to be incurred for cosmetic repair of her scar. Roland v. Murray, 239 S.W.2d 967, 969–970 (Ky. 1951). Additionally, evidence was presented from which the District Court could have concluded that the Plaintiff was entitled to damages for permanent

1. The case cited by the Government concerning review of a jury verdict is inapposite. See Cross v. Thompson, 298 F.2d 186 (6th Cir. 1962). It has long been the rule that a trial judge's denial of a motion for new trial will be reversed only for an abuse of discretion. When the motion for new trial is based on the inadequacy of the verdict an abuse can be found only in extreme cases, such as where the verdict is inconsistent on its face, Pugh v. Bluff City Excursion Co., 177 F. 399 (6th Cir. 1910), or where the award is substantially less than the unquestionably proven damages, Reisberg v. Walters, 111 F.2d 595 (6th Cir. 1940). See Schaeper v. Edwards, 306 F.2d 175 (6th Cir. 1962). Cases concerning abuse of discretion or review of jury verdicts do not state the standard for review of a judgment rendered by a court sitting without a jury.

injury.[2] Dr. Schoo, Plaintiff's physician, testified to the permanent nature of the scar and to the permanent weakness of the abdominal wall because of the scar tissue. Under Kentucky law, when the permanent nature of the injury is shown, "* * * failure to show the impairment of one's earning power is not fatal to recovery [for permanent injury]." Siler v. Williford, 375 S.W.2d 262 (Ky.1964).[3] See also Spurlock v. Spurlock, 349 S.W.2d 696 (Ky.1961); Moore v. Hart, 171 Ky. 725, 188 S.W. 861, 866 (1916). Whatever damages are due the Plaintiff, however, we leave for determination by the District Court upon remand when it should determine each element of damages for which the Plaintiff can recover and the amount recoverable for each element.

 Although the Plaintiff-Appellant insists that a remand is unnecessary, we do not consider this an appropriate case for an Appellate Court to make independent findings of damages. In some exceptional cases, inadequate damages awarded by a court sitting without a jury have been increased[4] by the Courts of Appeals, obviating the necessity for a remand, United States v. Compania Cubana De Aviacion, S.A., 224 F.2d 811 (5th Cir. 1955); Dale Benz, Inc., Contractors v. American Casualty Co., 303 F.2d 80 (9th Cir. 1962); Simpson v. United States, 322 F.2d 688 (5th Cir. 1963); and even the more elusive assessment of pain and suffering has been increased where the "* * * unchallenged findings of the district court [were] sufficient * * *" Thom-

as v. United States, 327 F.2d 379, 381 (7th Cir. 1964). Those cases, however, were either actions for contract damages, which are capable of more precise evaluation from a bare record, Dale Benz, Inc., Contractors v. American Casualty Co., 303 F.2d 80 (9th Cir. 1962) supra, or cases, such as the *Thomas* case, where the District Court's opinion provided "* * * firm guidelines establishing the basic elements of the award * * *." Simpson v. United States, 322 F.2d 688, 693 (5th Cir. 1963). Here we do not have the benefit of the District Court's findings of fact or conclusions of law concerning the basic elements of damages or the amounts awarded for each element.

 In this posture, even when the case was heard on deposition, we consider that our only alternatives are to remand or to determine the minimum amount of damages that the District Court could have awarded without constituting reversible error. Mitchell v. Evelyn C. Brown, Inc., 310 F.2d 420 (1st Cir. 1962). Ordinarily when a District Court fails to make necessary findings, an Appellate Court will vacate the judgment and remand the case for appropriate findings. Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1956); see also 5 Moore, Federal Practice Par. 52.06[2]. We consider that course more appropriate in this case.

The judgment of the District Court is vacated and the case is remanded for appropriate findings of fact and conclusions of law on the question of damages.

---

2. In view of the disposition of the case, we do not rule on whether the District Court would have been clearly erroneous had it found that the Plaintiff was not entitled to damages for permanent injury.

3. In the *Siler* case an instruction on permanent injury was held proper where the permanent nature of facial scars, of a jaw injury, and of a partial loss of hearing was supported by the evidence even though no impairment of earning power was shown. Where the permanent nature of the injury is not shown, however, such

an instruction is improper. A. L. Dodd °Trucking Service v. Ramey, 302 Ky. 116, 194 S.W.2d 84 (1946).

4. Additur is not permitted in the federal court when a jury verdict is found inadequate. Dimick v. Schiedt, 293 U.S. 474 (1935); Silverman v. Travelers Insurance Company, 277 F.2d 257 (5th Cir. 1960). The Seventh Amendment considerations that prevent additur to jury verdicts do not apply, however, when the trial was before the court without a jury.