Ainsley TRAYLOR, an Infant by Next Friend, Joyce Day, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 19399.

United States Court of Appeals Sixth Circuit.

Nov. 28, 1969.

John A. McCrea, Louisville, Ky., for appellant; Edward G. Gildersleeve, Jr., Louisville, Ky., on brief.

Kenneth J. Tuggle, Asst. U. S. Atty., Louisville, Ky., for appellee; Ernest W. Rivers, U. S. Atty., Philip Huddleston, Asst. U. S. Atty., Louisville, Ky., on brief.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is the second appeal of this action for personal injuries brought in the United States District Court for the Western District of Kentucky pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

The United States has admitted liability for the injuries of Appellant—a seven year old girl—who was struck by a misdirected dummy round fired from a 3.5 inch rocket launcher at a military demonstration to which the public was invited. The District Court sitting without a jury decided the remaining issue of damages by written deposition and exhibits submitted to the Court. From a judgment of $5,000, Appellant appealed contending that the award was inadequate and that a finding of permanent injury should have been made by the District Court. We vacated the judgment of the District Court and remanded the cause for clarification and further findings. Traylor v. United States, 396 F.2d 837 (6th Cir. 1968).

In our remand, we indicated that a specific finding of fact should be made by the District Court whether the Appellant was suffering from a permanent in-

jury as a result of the United States' admitted tortious action. Furthermore, we indicated our belief that under Kentucky law, once "the permanent nature of an injury is shown, ' * * * failure to show the impairment of one's earning power is not fatal to recovery [for permanent injury].' Siler v. Williford, 375 S.W.2d 262 (Ky.1964)." 396 F.2d at 840.

Upon remand the District Court made 14 findings of fact including an allocation of damages to their sources, four conclusions of law and ordered its judgment reinstated with an accompanying memorandum of law by the Honorable Henry L. Brooks, United States District Judge.

The District Court found and concluded, in part, as follows:

### "FINDINGS OF FACT"

\* \* \* \* \* \*

"11. Although she has a long, ragged scar covering a sizeable part of her abdomen, her internal injuries were not permanent * * *.

"12. Although *scar tissue has developed internally and will remain,* Ainsley's abdominal muscles are healing very well. And while her physician stated that *some weakening always results from the presence of [internal]* scar tissue, he confidently predicted that Ainsley will have no problems in pregnancy and *no loss of earning power* as a result of the accident. *Though weaker scar tissue might enhance chance for a hernia in the future,* the likelihood is remote, and speculative and there are no present signs of this problem developing \* \* \*

"13. The plaintiff has not produced sufficient evidence of any *computable permanent injury.*

\* \* \* \* \* \*

### "CONCLUSIONS OF LAW"

\* \* \* \* \* \*

"3. The *evidence of permanent injury, and there is little,* if any, is merely speculative, showing *no more than a*

*slight possibility of any lasting impairment.* Thus, permanent injury is not a proper element of damage in this case. See Hedges v. Neace, 307 S.W.2d 564, and cases cited at p. 566 (Ky. 1957).

\* \* \* \* \* \*

### "MEMORANDUM SIGNED BY JUDGE BROOKS"

\* \* \* \* \* \*

"The evidence in this record does not support a finding of permanent impairment of the plaintiff's power to earn money. So there can be no further question of the factual findings on this issue, *it is now restated that the trial court finds the plaintiff did not sustain a permanent reduction of her earning power.* Under Kentucky law, *where evidence of a permanent injury is not certain or satisfactory* and is merely speculative *and shows no more than a possibility of a lasting impairment of earning power,* an award is not authorized. Hedges v. Neace, Ky., 307 S.W.2d 564; [additional citations omitted] [emphasis added]."

Appeal is being taken from this judgment on four grounds: (1) the findings of fact as to permanency of injury are "clearly erroneous"; (2) the award for damages of pain and suffering is inadequate; (3) this Court may make its own award of damages in a personal injury case tried on written depositions and exhibits and without a jury; and (4) the legal standard applied once permanent injury had been shown is erroneous.

The first three issues raised by Appellant concern the scope of review of the District Court's findings of fact and award of damages. In a case like the instant one in which a trial is held before a Court without a jury, questions of fact and assessment of damages can not be reversed unless they are "clearly erroneous." Our view that we may have granted a larger award had we been triers of fact in the first instance is not the test to be applied. *See* Traylor v. United States, 396 F.2d 837, 838 (6th Cir. 1968), and cases cited therein.

■ The fact that this case was tried upon written depositions and exhibits, all of which are reviewable in full on appeal, does not alter our standard for reviewing findings of fact and adequacy of awards in a trial without a jury. We acknowledge that there has been a disagreement among the courts [1] as to the standard of review in a trial in which there is no live testimony. After full consideration of the issue, we recently held in United States Steel Corporation v. Fuhrman, 407 F.2d 1143 (6th Cir. 1969), that in a personal injury action involving punitive damages:

> "Rule 52(a) [Findings of fact shall not be set aside unless clearly erroneous * * *.] applies to the findings of fact of the District Judge * * * notwithstanding that he heard no live testimony at trial." 407 F.2d at 1146.

We have difficulty reconciling the precise nature of the District Court's Findings of Fact with its Conclusions of Law and its Memorandum of Law. The latter appears to be based upon an erroneous construction of Kentucky law once permanency of injury has been shown.

The Findings of Fact indicate that "scar tissue had developed internally and will remain, * * * some weakening always results from [its] presence," and that Appellant's chances for a hernia were "enhanced." These findings, considered with their qualifications, indicate that there was permanency of injury although the computation of its precise dollar value, if any, would be speculative.

The Conclusions of Law state that there is "little" evidence of permanent injury and that "permanent injury is not a proper element of damage in this case," citing Hedges v. Neace, 307 S.W.2d 564. The Memorandum of Law amplifies this conclusion "that permanent injury is not a proper element" when it concludes, an "award is not authorized" unless there has been a "lasting impairment of earning power."

■■ The District Court's Findings of Fact as to permanently weakened internal abdominal muscles and as to enhanced chances of a hernia support a finding of permanency of injury. We are of the opinion that when permanent injury has been found, Kentucky law does not condition recovery for it solely upon an earnings test. Traylor v. United States, 396 F.2d at 840. See, Siler v. Williford, 375 S.W.2d 262 (Ky.1964). The District Court erred in applying the "earnings test" standard in determining the recovery for permanent injury.

The judgment below is vacated and this case is remanded for proceedings consistent with this Court's observations as to applicable Kentucky law.

---

1. Frazier III v. Alabama Motor Club, Inc., 349 F.2d 456 (5th Cir. 1965) and Kuhn v. Princess Lida of Thurn & Taxis, 119 F.2d 704 (3rd Cir. 1941).