914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky T. LITTRELL, Plaintiff-Appellee,
v.
URETHANE TECHNOLOGY, INC., Defendant-Appellant.
 No. 89-5683.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1990.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges; COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Urethane Technology, Inc., appeals from a judgment rendered against it by the district court following a bench trial in a products liability case. Plaintiff was injured when a urethane mold press manufactured by defendant unexpectedly crushed his dominant right hand in an unguarded pinch point. The serious "bursting" type of injury caused by the tremendous force exerted on plaintiff's hand by the machine, broke and displaced bones in the hand, requiring reconstructive surgery. After finding defendant liable for plaintiff's injury, the district court awarded plaintiff $175,000 as compensation for pain and suffering, future pain and suffering, lost earnings, medical expenses, loss of future earning capacity and employability in the open job market as a result of his permanent disability.
 
 
 2
 Defendant contends that the district court committed reversible error by failing to assign to each element of damages comprising the lump-sum award a specific portion of the award, by entering an excessive award, and in not having found that recovery was barred by plaintiff's assumption of the risk of his injury.
 
 
 3
 Defendant first asserts that the failure of the district court to include a finding allocating a specific monetary amount to each element of damages deprives it of the ability "to attack the sufficiency of evidence and the excessiveness of any particular element."
 
 
 4
 Damage awards by a district court sitting without a jury are regarded as findings of fact. Thompson v. National R.R. Passenger Corp., 621 F.2d 814, 823 (6th Cir.), cert. denied, 449 U.S. 1035 (1980). In all actions tried upon the facts without a jury, Fed.R.Civ.P. 52(a) imposes upon the district court a mandatory duty to make findings of fact and conclusions of law. Where, as here, without objection at trial the district court failed to comply with Fed.R.Civ.P. 52(a), and findings are necessary to a full understanding of questions presented on appeal concerning damage awards, this court may remand for compliance. Traylor v. United States, 396 F.2d 837, 840 (6th Cir.1968); 5A Moore's Federal Practice 52.10. Because we are unable to adequately review the lump-sum award without having before us a breakdown by the district court of the amount allocated to each element of damage set out in its Findings of Fact and Conclusions of Law, this cause must be remanded for that purpose.
 
 
 5
 For much the same reasoning, we will reserve review of defendant's contention that the award is excessive, pending further proceedings upon remand.
 
 
 6
 Finally, although prior to trial defense counsel conceded to the court that assumption of the risk was "a fairly weak defense," that he was "not going to play a game about that," and that "[p]rimarily the issue is going to be the damage question," and the trial court's findings of fact and conclusions of law note that "[d]efendant did not ... seriously contest liability in the case," defendant nevertheless contends on appeal that the court erred in not finding that plaintiff assumed the risk of injury. Having reviewed the evidence, we are unable to say that the district court, as trier of the facts, was required to conclude that plaintiff assumed the risk of his injury. In that regard, then, the district court is affirmed.
 
 
 7
 However, the judgment of the district court is vacated and this cause is remanded to the district court for further proceedings consistent with this opinion. This court retains jurisdiction over the appeal.
 
 
 
 *
 The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation