12 F.3d 212
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vernon HOWELL, Plaintiff-Appellant,
v.
STAR-KIST FOODS, INC., d/b/a Heinz Pet Products Company,
Inc., and the Kroger Company, Inc., Defendants-Appellees.
 No. 92-6289.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1993.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, No. 91-00291; Forester, J.
 E.D.Ky.
 AFFIRMED.
 Before: NORRIS and SILER Circuit Judges; and OAKES,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Vernon Howell claims the trial court erred in denying his motion for a new trial in this diversity action. For reasons stated hereafter, we affirm.
 
 Background
 
 2
 This is a products liability case involving injuries sustained by Howell to two fingers and a thumb when he attempted to open a cat food can manufactured and distributed by defendants. The jury found in favor of Howell, awarding him $3,755.59 for medical expenses and $4,200.00 for past pain and suffering. Howell claims the damages award was inadequate because it failed to compensate him for lost wages, decreased earning capacity and future pain and suffering.
 
 
 3
 Howell filed a motion with the trial court for a new trial on the issue of damages based on three grounds. First, the damages awarded were inadequate. Second, the trial court erroneously admitted evidence concerning the following: (1) Howell's former conviction for trafficking in marijuana; (2) his use of marijuana on the job; and (3) his income tax returns. Third, the jury was biased as a result of improper statements made by defense counsel during opening statement and closing argument. The trial court denied Howell's motion for a new trial.
 
 Discussion
 
 4
 A trial court's denial of a motion for new trial will be reversed only for abuse of discretion.[1] TCP Industries, Inc. v. Uniroyal, Inc., 661 F.2d 542, 546 (6th Cir.1981); Duncan v. Duncan, 377 F.2d 49, 52-53 (6th Cir.), cert. denied, 389 U.S. 913 (1967). An abuse of discretion exists when a reviewing court is firmly convinced that a mistake has been made. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). When inadequacy of the jury verdict is the basis for the motion for new trial, "an abuse [of discretion] can be found only in extreme cases, such as ... where the award is substantially less than the unquestionably proven damages." Traylor v. United States, 396 F.2d 837, 839 n. 1 (6th Cir.1968) (citing Reisberg v. Walters, 111 F.2d 595 (6th Cir.1940)).
 
 
 5
 Howell's first ground for a new trial is that the damages awarded by the jury were inadequate. The question of adequacy of damages is primarily left to the sound discretion of the trial court which is in the best position to evaluate such a claim. Semper v. Santos, 845 F.2d 1233, 1236 (3d Cir.1988); Sterling v. Forney, 813 F.2d 191, 192 (8th Cir.1987).
 
 
 6
 Howell summarily states that the jury's failure to award damages for future pain and suffering, lost wages, and lost earning capacity was "clearly inadequate." Defendants contend that the jury's failure to award damages for future pain and suffering was reasonable on two grounds. First, there was ample evidence for the jury to conclude that Howell's thumb and fingers healed shortly after the accident. Second, there was sufficient evidence for the jury to conclude that Howell's diagnosis of carpal tunnel syndrome was not caused by the subject accident.
 
 
 7
 There is adequate evidence in the record to indicate that the jury had reasonable grounds for its verdict. Moreover, this is certainly not a case where the damage award was "substantially less than the unquestionably proven damages," as required before finding an abuse of discretion. See Traylor, 396 F.2d at 839 n. 1. Howell did not unquestionably prove his damages.[2] Further, a denial of a new trial should not be reviewed when the basis of the motion is a dispute over the factual question of damages. Schaeper v. Edwards, 306 F.2d 175, 177 (6th Cir.1962). Thus, as this part of Howell's appeal is based on a factual dispute on the proper amount of damages, we affirm the trial court's decision.
 
 
 8
 Howell's second ground for a new trial is that the trial court made erroneous evidentiary rulings which were prejudicial to his case. A district court's rulings on evidentiary matters are reviewed under an abuse of discretion standard. United States v. Mahar, 801 F.2d 1477, 1495 (6th Cir.1986). "[N]o error in the admission or exclusion of evidence is ground for reversal or granting a new trial unless refusal to take such action appears to the court to be inconsistent with substantial justice." TCP Industries, Inc., 661 F.2d at 550.
 
 
 9
 Howell does not address the substantial justice standard. Instead, he maintains his tax returns were inadmissible under Federal Rule of Evidence 608(b) because he was not charged with tax fraud. Defendants argue the tax returns were admissible because they reflected on Howell's credibility, as the original returns contained errors and had to be amended. The district court found the returns admissible for two reasons: (1) they were relevant to Howell's credibility; and, (2) they were relevant to Howell's claim for lost wages. While Rule 608(b) precludes use of extrinsic evidence to reflect on a witness' credibility, unless the evidence relates to conviction of a crime, the rule does not preclude use of extrinsic evidence for other purposes. As the tax returns were relevant to Howell's claim for lost wages, the trial court did not err in admitting them.
 
 
 10
 Howell further alleges the court erred in admitting evidence of a specific incident of his marijuana use in the workplace. The district court correctly ruled the evidence was admissible as relevant to Howell's claim for lost wages. While extrinsic evidence of specific instances of conduct is inadmissible to reflect a witness' credibility pursuant to Federal Rule of Evidence 608(b), or his character pursuant to Rule 404(b), such evidence is admissible for other relevant purposes, provided its probative value is not substantially outweighed by the danger of unfair prejudice pursuant to Rule 403. See United States v. Zelinka, 862 F.2d 92, 98-99 (6th Cir.1988). As Howell's employment was terminated because of his marijuana usage, the evidence of such use was directly relevant to his claim of lost wages as a result of the underlying accident. Any possible prejudicial effect was outweighed by the probative value of the evidence as to the reason Howell's employment was terminated.
 
 
 11
 Howell's final evidentiary complaint is that the district court erred in admitting evidence of his conviction for trafficking in marijuana. Howell bases his argument on Rule 609(a), which precludes introduction of evidence of criminal convictions punishable by one year or less on the issue of witness credibility, unless the crime involves dishonesty. The district court later held that Howell's conviction was a misdemeanor conviction and that it erred by allowing its introduction into evidence. Nevertheless, it held that the error was harmless and did not further prejudice Howell in light of the other evidence presented against him. Upon review, we find the error was harmless and the denial of a new trial for the error was not inconsistent with substantial justice when the other evidence presented against Howell is considered. See TCP Industries, Inc., 661 F.2d at 550; Fed.R.Civ.P. 61.
 
 
 12
 Howell's final ground for a new trial is that defendants' counsel made improper and prejudicial opening and closing statements concerning his injuries and the duty of the jurors. Defendants argue that Howell waived his right to assert error on appeal for the alleged improper statements because he failed to timely object. The trial court concluded that Howell made objections to the statements, but the statements were not improper.
 
 
 13
 "It is well-established that a motion for new trial based upon inflammatory remarks is addressed to the sound discretion of the trial judge, and his ruling thereon will not be disturbed absent an abuse of that discretion." Meyers v. Moody, 693 F.2d 1196, 1220-21 (5th Cir.1982), cert. denied, 464 U.S. 920 (1983). There was no abuse of discretion here. Moreover, even if we were to conclude the statements were inappropriate, any error in their admission under the facts of this case was harmless. Fed.R.Civ.P. 61.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable James L. Oakes, Senior United States Circuit Judge for the Court of Appeals for the Second Circuit, sitting by designation
 
 
 [1]
 Even in a diversity case, federal law provides the standard for evaluating a Rule 59 motion for a new trial. Arms v. State Farm Fire & Casualty Co., 731 F.2d 1245, 1248 n. 2 (6th Cir.1984)
 
 
 [2]
 Howell argues that the only competent evidence presented at trial proved he suffered more damages as a result of the accident than the jury recognized. However, under Kentucky law, which governs the merits of this claim, a jury is not bound to believe a plaintiff or his expert's testimony in the face of countervailing evidence. See Cooper v. Fultz, 812 S.W.2d 497, 500 (Ky.1991); Spalding v. Shinkle, 774 S.W.2d 465, 467 (Ky.Ct.App.1989)