**Marcie Audrey WIEGAND, Appellant,**

v.

**Kenneth Andrew WIEGAND, Appellee.**

No. 92–CA–1319–MR.

Court of Appeals of Kentucky.

Sept. 17, 1993.

Robert L. Fears, Hopkinsville, for appellant.

Daniel N. Thomas, Hopkinsville, for appellee.

Before GARDNER, GUDGEL and JOHNSON, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Christian Circuit Court denying appellant's motion to increase appellee's child support obligation. The sole contention on appeal is that the trial court's denial of the motion is based upon an erroneous interpretation of Kentucky's statutory child support guidelines. We agree with appellant's contention. Hence, we reverse and remand.

The parties married in 1972 and divorced in 1983. Appellee agreed to pay child support of $125 per month per child until each of the parties' two children reached eighteen years of age. Appellee's monthly child support obligation was increased to $160 per child in 1989, and to $170 per child in 1990. Then, in January 1992 appellant filed a motion to increase appellee's child support obligation from $170 per month per child to $334 per month for one remaining unemancipated child, based upon the child support guidelines set out in KRS Chapter 403. The trial court denied appellant's motion on the ground that the evidence rebutted any presumption of a material change in circumstances which would justify an increase in appellee's child support obligation. This appeal followed.

KRS 403.211 provides in pertinent part that:

> [I]n any proceeding to modify a support order, the child support guidelines in KRS 403.212 shall serve as a rebuttable presumption for the establishment or modification of the amount of child support. Courts may deviate from the guidelines where their application would be unjust or inappropriate. Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation.

Further, KRS 403.213 provides in pertinent part that:

> (1) The Kentucky child support guidelines may be used by the parent ... as the basis for periodic updates of child support obligations. The provisions of any decree respecting child support may be modified ... only upon a showing of a material change in circumstances that is substantial and continuing.

> (2) Application of the Kentucky child support guidelines to the circumstances of the parties at the time of the filing of a motion or petition for modification of the child support order which results in equal to or greater than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed to be a material change in circumstances. Ap-

plication which results in less than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed not to be a material change in circumstances.

In ruling upon appellant's motion to increase appellee's child support obligation, the trial court first applied KRS 403.213(2) and compared the obligation set out in the existing support order to the amount of child support due under the guidelines set out in KRS 403.212. The court concluded that since appellee's obligation under the guidelines was at least 15% greater than his current child support obligation, a rebuttable presumption existed that a material change in circumstances had occurred. However, the court then determined that this statutory presumption was rebutted by evidence regarding the parties' circumstances, including the fact that appellee had incurred no significant increase in income since the existing child support order was entered. Given this proof, the court concluded that appellant had failed to show that there had been any substantial, continuing, and material change in circumstances, and hence, that the existing child support obligation was not subject to modification and that the child support guidelines were not applicable. As a result, the court also found no need to specify on the record its reasons for deviating from the guidelines.

We agree with appellant that the trial court erred in its approach to the issue presented by the motion to modify. KRS 403.-211 states that in *"any* proceeding to modify a support order," the KRS 403.212 child support guidelines *"shall* serve as a rebuttable presumption for the ... modification of the amount of child support." (Emphasis added.) Hence, a circuit court clearly must consider and apply the guidelines in each and every proceeding which seeks modification of a support order.

Further, KRS 403.213 does not require there to be a change in either party's income before a trial court may modify an existing child support award. Instead, in a situation such as the one here, where there was at least a 15% discrepancy between the guidelines and the noncustodial parent's existing child support obligation, the existence of this fact standing alone creates a rebuttable presumption that there is a material change in circumstances pursuant to KRS 403.213(2). Any refusal to order an increase in support in a situation such as the one here, therefore, is required to be accompanied by findings which specify the reasons for a deviation from the guidelines pursuant to KRS 403.-211(3), just as would be required in cases involving initial awards of child support.

To reach a contrary conclusion in interpreting these statutes would promote unjust results. For example, although the noncustodial parent in the case now before us was paying only slightly over half of the child support amount which he would have been obligated to pay under the KRS 403.212 guidelines, the court declined to apply the guidelines simply because the parties' incomes were similar to what they were when the court previously considered the child support issue. Hence, rather than obligating appellee to provide a level of child support similar to that which he likely would have been obligated to pay if the parties had divorced after the child support guidelines went into effect, appellee was allowed to continue paying a presumably inadequate amount of child support simply because his income had not recently changed to any great degree. Such a result not only is not dictated by statutory language, but it also fails to promote the statutes' intended goal of ensuring the determination and payment of "appropriate child support amounts" in all cases. *See* KRS 403.213(5).

The court's order is reversed and remanded for further proceedings consistent with the views expressed in this opinion.

All concur.