**H.R. by Guardian Ad Litem, Evan Taylor and Suzanne Revlett Jagoe, Appellant,**

v.

**David REVLETT, Appellee.**

**Suzanne Revlett Jagoe, Appellant,**

v.

**David Revlett and H.A.J., an infant, Appellees.**

**Nos. 1998–CA–002514–MR, 1998–CA–002517–MR.**

Court of Appeals of Kentucky.

Aug. 27, 1999.

Evan Taylor, William G. Craig, Jr., Owensboro, for appellants.

Richard T. Ford, Owensboro, for appellee.

Before COMBS, EMBERTON and McANULTY, Judges.

*OPINION*

McANULTY, Judge:

This is the second time these parties have been before this Court on appeal. H.R., ("H.R.") by and through his Guardian Ad Litem, and Suzanne Jagoe ("Jagoe") appeal the trial court's order denying the petition to involuntarily terminate the parental rights of David Revlett ("Revlett") to his son, H.R. We find that the circuit court incorrectly determined that it was controlled by the prior decision on appeal pursuant to the law of the case doctrine. We therefore vacate the findings of fact, conclusions of law and judgment and remand for the entry of new findings, conclusions and judgment.

In light of our holding, an exhaustive review of the facts is unnecessary. However, it is helpful to review the procedural history of this case. In the first trial, the circuit court found that Revlett had neglected and abandoned his son and therefore terminated his parental rights in Findings of Fact, Conclusions of Law and Judgment entered April 26, 1995. In a decision which was ordered depublished by the Supreme Court, a panel of this Court reversed on the grounds that H.R. had not been a party to the action. *D.R. v. S.R.*, No. 95–CA–1643–MR (Opinion Rendered July 19, 1996 and Modified October 4, 1996) ("1996 opinion"). This Court further explained in the 1996 opinion that it would have reversed on the merits in that the evidence did not support a finding that Revlett neglected or abandoned his son, as required by KRS 625.090.

■ On remand, the parties corrected the procedural error and the trial court heard additional proof on the neglect and abandonment issue and determined that Appellants failed to present additional evidence which would support a different conclusion from that reached by this Court. The trial court specifically concluded, in denying the petition, that it was duty bound to rule within the confines of the 1996 opinion because of the law of the case doctrine. Therefore, the trial court denied the petition to involuntarily terminate Revlett's parental rights in its Findings of Fact, Conclusions of Law and Judgment entered September 15, 1998.

■ The "law of the case" doctrine provides that:

When an appellate court decides a question concerning evidence or instructions, the question of law settled by the opinion is final upon a retrial in which the evidence is substantially the same and precludes the reconsideration of the claimed error on a second appeal.

*Siler v. Williford,* Ky., 375 S.W.2d 262, 263 (1964). The crucial requirement is that the appellate court enters a final decision on the question rather than merely commenting on the issue.

To that end, Appellants Jagoe and H.R. assert that the discussion of the issues of neglect and abandonment in the 1996 opinion was merely dicta. In support of this contention, Appellants rely on Judge Wilhoit's dissent in the modified opinion which refers to the dicta in the majority opinion. The trial court understandably rejected this argument based on the particular language of the 1996 opinion.

■ While we find that the trial court's reliance on the 1996 opinion was entirely reasonable under the circumstances, it was nonetheless incorrect. We now determine that the portion of the 1996 opinion discussing the evidence concerning neglect and abandonment is dicta. We reach this decision because the former appeal turned on a procedural inadequacy which deprived this Court of jurisdiction.

The 1996 opinion vacated the trial court's decision and remanded for further proceedings based on the failure to name a necessary party to the action. KRS 625.080(2) clearly requires that the minor child be named as a necessary party to a petition for the involuntary termination of parental rights. In the 1996 opinion this court stated that because the child was never named as a party and served, the child was never properly before the trial court and the trial court therefore lacked jurisdiction to enter an order affecting the rights of the minor child. Similarly, the child was not named as a necessary party on appeal which also is a jurisdictional defect under CR 73.03.

As such, the 1996 opinion turned on a lack of jurisdiction both by the trial court and this Court on appeal. Any additional findings on appeal are superfluous and cannot be binding due to the lack of jurisdiction. We therefore conclude that the discussion following the holding on the procedural deficiency is not the law of the case, as this Court did not have jurisdiction to consider the issues presented thereafter.

We perceive that the trial court perhaps labored under a reasonable but erroneous assumption on remand—that the appellate court had ruled on the merits when in fact it had not. The actuality of the situation is that any discussion apart from the jurisdictional issue in the 1996 opinion is certainly not binding and should not be considered as a directive or even as guidance by the parties or trial court.

In light of the fact that the trial court limited itself from entering its own findings of fact and conclusions of law because it believed the law of the case doctrine applied, the judgment based on an erroneous belief must be vacated and this case must be remanded. We urge the trial court to enter its findings, conclusions and judgment as expeditiously as possible so as

to bring certainty to the parties, especially to the minor child.

Because the trial court never ruled on the Appellants' argument that the definition of an "abused and neglected child" in KRS 600.020(1) is not applicable in a situation involving the rights of a noncustodial parent, we specifically decline to address said argument at this time. The judgment is vacated and this case is remanded to allow the trial court to assess the evidence and enter its own findings of fact, conclusions of law and judgment.

EMBERTON, Judge, concurs.

COMBS, Judge, concurs and files a separate opinion.

COMBS, Judge, concurring:

In the first appeal to this court, the failure to name the minor child (H.R.) as a party was adjudicated to be a fatal flaw depriving the appellate court of jurisdiction to entertain the appeal at all—much less to rule on the merits. Similarly, the trial court had no jurisdiction initially. Once H.R. was named as a party upon remand, the trial court was vested with jurisdiction for the first time and was thus empowered to rule on all matters *de novo*.

In misperceiving the commentary that transpired during the first appeal to be binding as to its deliberations upon remand, the trial court improperly invoked a non-existent law of the case doctrine; the law of case doctrine was merely a mirage under the facts of this case.

The essence of this opinion is to urge the trial court to begin anew and to enter its own findings of fact and conclusions of law in the exercise of its unfettered discretion. The life, happiness, and well-being of a child are the crucial concern of all of us who have labored on this case, and there has been a considerable investment of effort by all involved to reach the correct and just result. It is surely a most worthwhile expenditure that we hope will soon conclude.