**Michael Allen DICKENS, Appellant**

v.

**Donna Dean DICKENS, Appellee.**

**No. 2012–CA–001222–ME.**

Court of Appeals of Kentucky.

May 24, 2013.

Kyle A. Burden, Louisville, KY, for appellant.

William L. Hoge, III, Louisville, KY, for appellee.

Before ACREE, Chief Judge; CAPERTON and NICKELL, Judges.

## OPINION

CAPERTON, Judge:

Michael Dickens appeals from the trial court's denial of his motion to modify child support and the subsequent denial of his CR 59.05 motion to alter, amend, or vacate the prior order. After a thorough review of the parties' arguments, the record, and the applicable law, we agree with Michael that the trial court erred in denying his motion to modify child support based on the emancipation of one of the children. As such, we reverse and remand this matter for further proceedings.

Michael and Donna had two children during the course of their marriage. A decree of dissolution of marriage was entered on September 16, 1998. In October 2007, Donna moved for an increase in child support. Michael moved for an increase in his parenting time. On February 1, 2008, the parties met with a mediator; thereafter the parties reached an agreement concerning child support with Michael paying Donna $1,500 per month for the two children as the parties' combined adjusted gross income exceeded the Kentucky statutory guidelines. The court accepted this mediation agreement and incorporated it into the supplemental decree of dissolution of marriage in February 2008.

On January 27, 2012, Michael brought a motion to modify his child support obligation based upon the emancipation of one of the children. Donna brought a motion to increase child support for the remaining minor child. The court held a hearing on the matter and ultimately denied both parties' motions.

In so doing, the court first determined that the application of the statutory child support guidelines was inappropriate and unjust because the parties' combined monthly adjusted gross income exceeded the uppermost level of the child support guidelines and because Donna has the remaining minor child 100% of the time. The court noted that the parenting schedule contemplated that Michael would have

the children 38% of the year; but Michael does not currently contact or see the children.

Each party provided the court with documentation of income. Donna's adjusted monthly gross income is $13,440.50; whereas Michael's monthly gross income is $10,811.67. The court then proceeded to announce figures that seem to this Court not to have been solidly grounded in either mathematics or our jurisprudence. The court concluded that Michael's support amount would be $1,347.79 and that this figure does not constitute the 15% decrease required in order to modify a child support order. Thus, the court overruled both parties' motions to modify child support. Thereafter, Michael filed a CR 59.05 motion to alter, amend, or vacate. This too was denied. It is from these orders that Michael now appeals.

On appeal Michael presents a single issue, whether the court erred in denying his motion to modify child support, to which Donna disagrees. Ultimately, we are in agreement with Michael that the court erred in denying his motion to modify child support given the emancipation of one of the children for the reasons discussed *infra.*

■ At the outset we note, that "[a]s are most other aspects of domestic relations law, the establishment, modification, and enforcement of child support are prescribed in their general contours by statute and are largely left, within the statutory parameters, to the sound discretion of the trial court." *Van Meter v. Smith*, 14 S.W.3d 569, 572 (Ky.App.2000). "However, a trial court's discretion is not unlimited. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Downing v. Downing*, 45 S.W.3d 449 (Ky.App.2001).

■ We see no error in the trial court's determination that deviation from the guidelines was proper given the parties' combined adjusted gross income. The combined parental income in this case exceeds the uppermost levels of the guideline tables. Pursuant to KRS 403.212(5), "[t]he court may use its judicial discretion in determining child support in circumstances where combined adjusted parental gross income exceeds the uppermost levels of the guideline table." *See also* KRS 403.211(3)(e). "As long as the trial court's discretion comports with the guidelines, or any deviation is adequately justified in writing, this Court will not disturb the trial court's ruling in this regard." *Downing,* 45 S.W.3d at 454 (citation omitted).

■ While such a deviation was warranted, the court erroneously concluded that Michael's child support obligation could not be modified without a 15% change in the amount of support due when a child is emancipated. The legislature clearly did not intend such as result:

(3) Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child shall be terminated by emancipation of the child unless the child is a high school student when he reaches the age of eighteen (18). In cases where the child becomes emancipated because of age, but not due to marriage, while still a high school student, the court-ordered support shall continue while the child is a high school student, but not beyond completion of the school year during which the child reaches the age of nineteen (19) years. Provisions for the support of the child shall not be terminated by the death of a parent obligated to support the child. If a parent obligated to pay support dies, the amount of support may be modified, revoked, or commuted to a lump-sum payment, to the extent just and appro-

priate in the circumstances. Emancipation of the child shall not terminate the obligation of child support arrearages that accrued while the child was an unemancipated minor.

KRS 403.213(3).

Given KRS 403.213(3) we must reverse and remand the denial of Michael's motion to modify his child support obligation in light of the emancipation of one of the children. The emancipation of one of the children upon which the prior child support order was based is an event that triggers the review of the child support obligation. Thus, Michael was entitled to have his child support obligation reviewed. We do not opine as to whether the child support should be increased, decreased or maintained at the current amount. This is a determination to be made by the trial court based on the current facts and circumstances of the parties based upon the current child support guidelines.

On remand, the court will assess the specific economic circumstances of the parties and the minor child based on current child support guidelines.[1] Additionally, the court can take those factors set forth in *Downing* into consideration when setting child support, more particularly:

> Factors which should be considered when setting child support include the financial circumstances of the parties, their station in life, their age and physical condition, and expenses in educating the children. The focus of this inquiry does not concern the lifestyle which the parents could afford to provide the child, but rather it is the standard of living which satisfies the child's reasonable and realistic needs under the circumstances.

*Downing* at 457 (internal citations omitted).

In light of the aforementioned, we reverse and remand this matter for further proceedings.

ACREE, Chief Judge, Concurs.

NICKELL, Judge, Concurs in Result Only.

---

1. We note that the visitation issue that the court relied upon in setting child support is not a factor to be considered in setting the amount of child support in either *Downing* or the statutes.