John SEAY, Appellant

v.

Donna Faye SEAY, Appellee.

No. 2012–CA–001786–ME.

Court of Appeals of Kentucky.

July 5, 2013.

Lindell Choat, Eddyville, KY, for appellant.

Natalie M. White, Eddyville, KY, for appellee.

Before CAPERTON, CLAYTON, and TAYLOR, Judges.

## OPINION

CAPERTON, Judge:

John Seay appeals from the denial of his motion, and the corresponding motion to alter, amend, or vacate said denial, to reduce his child support obligation given the emancipation of one of his three children. After a thorough review of the parties' arguments, the record, and the applicable law, we reverse and remand this matter for further consideration by the court below.

The parties are parents to three children born of their marriage. In February 2011, the parties attended a mediation session to determine property division, debt allocation, child custody, and child support in their divorce proceedings. The mediation settlement gave joint custody of the children to both parents with Donna being designated the primary residential custodian of the children. John agreed to pay child support to Donna in the amount of $725.00 per month, in accordance with the Kentucky Child Support Guidelines, using offset charts for the two oldest children with whom John had more time-sharing than the youngest child. The court incorporated the settlement agreement in its entirety into its June 6, 2011, decree of dissolution of marriage.

The eldest child reached the age of majority and graduated high school in May 2012. In June 2012, John moved the court for modification of his child support based on this material change in circumstance. John's motion was heard on August 9, 2012, at which time Donna gave testimony that the parties had not been abiding by the "shared custody"[1] arrangement as to the middle child and that John had only visited with the middle child pursuant to the 56th Judicial Circuit Guidelines for visitation/time-sharing. John concurred with this but explained that this was a temporary situation since John had permitted the middle child to stay with Donna more to help her recover from a motor vehicle accident. Donna's calculation of child support without credit to John for the "shared custody" arrangement was $687.03 per month. John's calculation of child support with credit for his belief that he maintained custody of the middle child 50% of the time was $504.73 per month.

On August 21, 2012, the court below denied John's motion for modification of child support, reasoning that a deduction from $725.00 per month to $687.03 was inappropriate. In so doing, the court found that John could not substantiate that he had exercised 50% of the time-sharing with the middle child; that the sought-after amount was only a 6% decrease from his original child support obligation and did not meet the 15% threshold; and that, accordingly, a reduction in child support was not merited.

On August 24, 2012, John filed a motion to alter, amend, or vacate the August 21, 2012, order. The court denied his motion on September 19, 2012. The court noted that while one of the three children had been emancipated, the relevant inquiry was how much amount of support is being paid at the time of the motion and the amount due pursuant to the guidelines. The court noted that agreements in regard to custody and support are not binding on it. Additionally, the court stated that

1. We presume that the parties mean time-sharing or visitation as opposed to shared custody. There was not an argument made to this Court that John had failed to exercise his joint custody and all the inherent decisions vested with joint custody. Instead, the arguments revolve around the amount of time John spent with the middle child.

time-sharing and shared custody are factors which the court may consider in its discretion. Based on the testimony heard before it, the court determined that "the resulting split in time is 70% to [Donna] and 30% to [John]" which is consistent with the normal "non-custodian parent" parenting time. The court concluded that the guidelines were not unjust or inappropriate. The court denied John's motion to alter, amend, or vacate. It is from these orders that John now appeals.

■ On appeal, John presents two issues, namely: (1) whether the emancipation of the eldest child, without more, was an event pursuant to Kentucky Revised Statutes (KRS) 403.213(3) that would allow a court to review the child support payable pursuant to statute and caselaw; and (2) whether a mediated agreement effected by order of the court is the law of the case [2] and is thereby not subsequently modifiable by the court. With these issues in mind we turn to the applicable standard for our review of this matter.

■ At the outset we note, that "[a]s are most other aspects of domestic relations law, the establishment, modification, and enforcement of child support are prescribed in their general contours by statute and are largely left, within the statutory parameters, to the sound discretion of the trial court." *Van Meter v. Smith,* 14 S.W.3d 569, 572 (Ky.App.2000). "However, a trial court's discretion is not unlimited. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Downing v. Downing,* 45 S.W.3d 449, 454 (Ky.App. 2001).

Turning to the first issue before us-the emancipation of the eldest child-the court erroneously concluded that John's child support obligation could not be modified without a 15% change in the amount of support due when a child is emancipated. The legislature clearly did not intend such as result:

(3) Unless otherwise agreed in writing or expressly provided in the decree, *pro-*

---

**2.** We note that this issue is not applicable *sub judice* since the law of the case doctrine relates solely to an appellate decision. *See Cabinet for Health and Family Services v. J.T.G.,* 301 S.W.3d 35, 40 (Ky.App.2009) wherein this Court stated:

> [I]n *Brooks v. Lexington–Fayette Urban County Housing Authority,* 244 S.W.3d 747, 751 (Ky.App.2007), this Court held,
>> [t]he law of the case doctrine is "an iron rule, universally recognized, that an opinion or decision of an **appellate court** in the same cause is the law of the case for a subsequent trial or appeal however erroneous the opinion or decision may have been." (Emphasis added) (citing *Union Light, Heat & Power Co. v. Blackwell's Adm'r,* 291 S.W.2d 539, 542 (Ky.1956)).
>
> Thus, by its very definition, the law of the case doctrine only applies to cases that have first been appealed and then remanded back to the trial court. *See also H.R. ex rel. Taylor v. Revlett,* 998 S.W.2d 778 (Ky. App.1999).

More importantly, the specific question as to whether the law of the case doctrine applies to orders of the trial-level courts was resolved by the Kentucky Supreme Court in the case of *Dickerson v. Commonwealth,* 174 S.W.3d 451, 466–467 (Ky. 2005). There, the Court held:

> [a]s applied in Kentucky, the law of the case doctrine applies only to rulings by an appellate court and not to rulings by a trial court. *Scamahorne v. Commonwealth,* 376 S.W.2d 686, 687–88 (Ky. 1964). *See also United States v. Akers,* 702 F.2d 1145, 1147–48 (D.C.Cir.1983). While some courts take a more liberal view of the doctrine and have applied it to trial court rulings ... we decline to join them.
>
> *Id. See also Buckley v. Wilson,* 177 S.W.3d 778 (Ky.2005).

In light of the foregoing, we decline to address this issue further herein.

*visions for the support of a child shall be terminated by emancipation of the child* unless the child is a high school student when he reaches the age of eighteen (18). In cases where the child becomes emancipated because of age, but not due to marriage, while still a high school student, the court-ordered support shall continue while the child is a high school student, but not beyond completion of the school year during which the child reaches the age of nineteen (19) years. Provisions for the support of the child shall not be terminated by the death of a parent obligated to support the child. If a parent obligated to pay support dies, the amount of support may be modified, revoked, or commuted to a lump-sum payment, to the extent just and appropriate in the circumstances. Emancipation of the child shall not terminate the obligation of child support arrearages that accrued while the child was an unemancipated minor.

KRS 403.213(3)(emphasis supplied).

■ We believe that the language of the statute expresses an unequivocal intent by the legislature that child support be terminated upon emancipation of a child absent the statutory exception. Therefore, we hold that the emancipation of a child is a singular event that triggers a review of the current child support obligation of a party pursuant to our statutes, caselaw and guidelines based on the facts and circumstances post emancipation.

■ Given KRS 403.213(3), we must reverse and remand the denial of John's motion to modify his child support obli-

gation in light of the emancipation of the eldest child. The emancipation of one of the children upon which the prior child support order was based was an event that triggers the review of the child support obligation. Thus, John was entitled to have his child support obligation reviewed. We do not opine as to whether the child support should be increased, decreased or maintained at the current amount. This is a determination to be made by the trial court based on the current facts and circumstances of the parties pursuant to current child support statutes, caselaw and guidelines.

■ On remand, the court will assess the specific economic circumstances of the parties and the minor children based on current child support guidelines. Additionally, the court can take those factors set forth in *Downing* into consideration when setting child support, more particularly:

> Factors which should be considered when setting child support include the financial circumstances of the parties, their station in life, their age and physical condition, and expenses in educating the children. The focus of this inquiry does not concern the lifestyle which the parents could afford to provide the child, but rather it is the standard of living which satisfies the child's reasonable and realistic needs under the circumstances.

*Downing,* at 457 (internal citations omitted).

■ Turning to the remaining issue, we note that visitation,[3] which the court below so heavily relied upon in denying John's motion for child support, is not the sole

---

**3.** We likewise note that Donna is incorrect in her assertion that John was not granted joint custody. *See* page 6 of Appellee's brief, wherein it is stated that John does not have a shared custody arrangement. Instead, we believe that Donna means to argue that John is not exercising his visitation or time-sharing. We direct the parties' attention to *Pennington v. Marcum,* 266 S.W.3d 759, 769 (Ky.2008), for a discussion differentiating the two concepts.

factor to be considered under our jurisprudence in determining child support. *See Downing, supra,* KRS 403.211, 403.212, and 403.213. As to whether the court is bound by the mediation agreement, we note that the parties' mediation settlement encompassed all three children for purposes of child support. The mediation agreement *sub judice* would be just as binding or, alternatively, no more binding on the court than any other order the court had entered given that the court in the June 6, 2011, decree of dissolution of marriage incorporated the February 15, 2011, agreed order from mediation into the decree. Nevertheless, the emancipation of the eldest child necessarily requires the court to assess the amount of child support per our jurisprudence as discussed *infra.*

In light of the aforementioned, we reverse and remand this matter for further proceedings.

ALL CONCUR.