**Darko MOSKOVITZ, Appellant**

v.

**Zulay MOSKOVITZ (now Maldonado), Appellee**

**NO. 2013–CA–000137–MR**

Court of Appeals of Kentucky.

RENDERED: APRIL 10, 2015; 10:00 A.M.

BRIEFS FOR APPELLANT: Suzanne Baumgardner, Lexington, Kentucky

BRIEF FOR APPELLEE: E. Gregory Goatley, Springfield, Kentucky

BEFORE: ACREE, CHIEF JUDGE, MAZE and JONES, JUDGES.

*OPINION*

JONES, JUDGE:

This case arises out of the Woodford Circuit Court's order denying Appellant Darko Moskovitz's motion to modify child

support. The circuit court overruled Darko's motion on the ground that he could not be physically present in court for a hearing. Darko, a resident of Venezuela, argues that the circuit court abused its discretion because Darko is unable to legally enter the United States. For the reasons set forth below, we REVERSE and REMAND.

## I. BACKGROUND

This matter has a complicated and contentious history. Darko and Appellee Zulay Maskovitz (now Maldonado), filed an action for dissolution of marriage with the Woodford Circuit Court in 1997. The parties had two minor sons. At the time of the dissolution filing, Darko, a Venezuelan national, was working in the United States. However, Darko was ordered by an Immigration Judge to depart the United States on or before July 24, 1998, due to Darko overstaying his visa. On July 23, 1998, a temporary hearing was held to establish child support. After the hearing, Darko left the United States and returned to Venezuela.

On Zulay's motion, the trial court held a hearing on December 28, 1999, to finalize the dissolution. Darko, who was no longer represented by counsel, was not present at the hearing. The court later entered a Decree of Dissolution, which continued the prior order for child support.

In 2001, Darko returned unlawfully to the United States.[1] Darko was deported back to Venezuela in December 2005. Darko has not returned to the United States. Further, it does not appear that he would be legally able to do so at this time.

The parties' oldest child was legally emancipated on June 1, 2010. Thereafter,

Darko, through counsel, filed a motion to modify his child support obligation. A hearing was held with Darko represented by counsel. The court terminated the child support obligation for the emancipated son and until further agreement or order, directed Darko to pay $800 per month going forward for the younger child. The court then ordered the parties to exchange financial information with one another and to attempt to agree on child support for the younger child.

On July 12, 2011, Darko filed a motion requesting the court to set permanent child support. In response, the trial court entered a docket order setting "temp child support" at $933.00 plus a $100 arrearage payment per month retroactive to July 20, 2010. The court also ordered the parties to continue to work towards establishing the arrearage, to cooperate with discovery, and that Zulay could seek additional income information for Darko.

The parties then entered into an agreed order on October 5, 2011, to allow each party to conduct additional discovery. The agreed order also stated that either party may file an appropriate motion to modify the award of temporary support made by the court back to July 20, 2010.

On January 18, 2012, Darko filed a motion to compel, a motion for fees, and a motion to modify child support. Zulay then filed motions to set aside the arrearage on child support and for an award of interest. The court then ordered each party to file a memorandum of law and to exchange income information. Zulay later filed a motion for contempt and the court ordered that Darko appear in person at the hearing on that motion. On August 7, 2012, Darko filed another motion to modify his current support obligation. On August

---

1. Prior to Appellant's unlawful return to the United States, there were several issues concerning his failure to pay child support that are not relevant to this appeal.

8, 2012, Darko filed a motion for leave to testify by telephone on the noticed hearing date or to testify by Skype on a noticed date and time. He also filed several documents with the court, including a sworn affidavit from his immigration attorney, explaining that his deportation order is still in effect and that despite good faith efforts to obtain a visa, he is currently unable to legally enter the United States.

On August 16, 2012, the court held a status conference in chambers. The court took all pending motions under submission. On October 12, 2012, the court issued a ruling regarding only the arrearage amount and the interest. On October 29, 2012, Darko filed a motion requesting a hearing date on his previously filed motions (to modify support, to appear by telephone or skype, etc.). After a brief hearing on December 18, 2012, the court entered a Docket Order stating only "Motions overruled with leave to refile when Respondent is ready to come to Court in person." There was no discussion of the merits of the motions during the hearing. It is from that order that Darko appeals.

## II. STANDARD OF REVIEW

■ "As are most other areas of domestic relations law, the establishment, modification, and enforcement of child support is generally prescribed by statute and largely left, within the statutory parameters, to the sound discretion of the trial court." *McKinney v. McKinney*, 257 S.W.3d 130, 133 (Ky.App.2008). The standard of review for a motion to modify child support is abuse of discretion. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky.App.2001).

## III. ANALYSIS

■ As a preliminary matter, we must address Zulay's argument that Darko has appealed from a non-final order. Kentucky Rule of Civil Procedure (CR) 54.01 states, "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." It is clear to us that the court intended to fully adjudicate Darko's claims when it *overruled* his motion to modify child support with leave to refile. This plainly indicates to us that the court was denying Darko's motion to modify. If Darko desired relief in the future, he would have to initiate the modification proceedings from scratch.

We also cannot find any evidence to support Zulay's claim that this is a temporary order. As discussed above, the court had previously set temporary child support but the agreed order permitted either party to later file to set permanent child support after discovery. That is precisely what Darko did. Therefore, we conclude that the court was issuing a final order denying Darko's motion to modify his permanent child support obligation.

■ "The emancipation of a child is a singular event that triggers a review of the current child support obligation of a party pursuant to our statutes, caselaw and guidelines based on the facts and circumstances post emancipation." *Seay v. Seay*, 404 S.W.3d 215, 218 (Ky.App.2013). After the oldest child was emancipated, the circuit court was under an affirmative obligation to review Darko's child support obligation and enter a new permanent support order based on the current facts and circumstances of the parties and the child support guidelines currently in force. *Dickens v. Dickens*, 401 S.W.3d 489, 492 (Ky.App.2013) (citing *Downing v. Downing*, 45 S.W.3d 449 (Ky.App.2001)). Addi-

tionally, Darko maintains that modification is in order pursuant to KRS 403.213 due to a change in the currency exchange rate.

In *any* action to modify a support order, "a circuit court clearly must consider and apply the guideline in each and every proceeding which seeks modification of a support order." *Wiegand v. Wiegand,* 862 S.W.2d 336, 337 (Ky.App.1993). The circuit court did not consider or apply the guidelines in this case. It denied Darko's modification motion without making findings or conducting a hearing. Its sole basis for denying the motion was the fact that Darko could not be physically present in court for a hearing on his motion.

We believe the circuit court abused its discretion in so doing. The child support modification statutes do not mandate a party's physical presence in court as a condition precedent to obtaining relief. Darko was represented by counsel who appeared ready, willing and able to represent him at any hearing. Moreover, if the trial court required Darko to testify, we believe that modern technology could have assisted the parties in taking that testimony remotely by way of telephone or video conference, especially since it appears legally impossible for Darko to attend any court proceeding in the United States. Moreover, Kentucky law provides an avenue for placing a witness located outside the Commonwealth under oath. *See* KRS 423.110.

Clearly there are means available for Darko to be placed under oath while in Venezuela or otherwise outside of the United States. It may also be appropriate and permissible for the court to place him under oath via video, as is often done during other video and telephone testimony.

To deny Darko's motion because he was not physically present before the court, especially since he is unable to legally enter the United States at this time, was an abuse of discretion. Accordingly, we must reverse and remand this matter to the circuit court. On remand the circuit court shall conduct an appropriate review of the motion to modify and grant or deny based on the facts and circumstances of this case in conjunction with the child support guidelines. Should the circuit court desire to hear directly from Darko, we are confident that it can craft an order allowing for telephone or video testimony to be taken under oath.

## IV. CONCLUSION

For the reasons explained above, we REVERSE and REMAND for further actions consistent with our Opinion.

ALL CONCUR.