RENDERED: MARCH 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0326-MR

ERNEST THOMPSON, JR.                                            APPELLANT


                  APPEAL FROM LAUREL CIRCUIT COURT
v.                HONORABLE STEPHEN M. JONES, JUDGE
                      ACTION NO. 19-CI-00156


NICOLE THOMPSON                                          APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, McNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Ernest Thompson, Jr. appeals from an order of the

Laurel Circuit Court modifying child support. He argues that the circuit court

erred in misapplying the child support guidelines as set out in Kentucky Revised

Statutes ("KRS") 403.213. For the reasons addressed below, we reverse the order

on appeal and remand the matter for further proceedings.

# FACTS AND PROCEDURAL HISTORY

Ernest Thompson, Jr. ("Appellant") and Nicole Thompson ("Appellee") were divorced by way of a decree of dissolution entered on August 6, 2019. They have one minor child. At the time of the decree, Appellant would work on a rotating schedule for two weeks in Texas, followed by two weeks in Laurel County, Kentucky. The parties were awarded joint custody with equal parenting time.

When the decree was entered, Appellant was earning $17,833.33 per month through his employment with Noble Energy. Appellee was working as a personal trainer with an imputed income of $1,256.67 per month. Based on their respective incomes, Appellant's child support obligation was calculated at $1,144.36 per month. The parties agreed that Appellant would pay $1,000.00 per month in child support. Appellant was ordered to provide health insurance for the minor child, and to pay 93% of the child's healthcare expenses.

On July 7, 2020, Appellant's employment with Noble Energy was terminated, and he received a one-time payout of $80,421.38 before taxes. According to Appellee, this resulted in an income to Appellant in the amount of $357,098.10 for 2020.

On November 6, 2020, Appellant filed a motion with the Laurel Circuit Court seeking to modify his child support obligation. In support of the

motion, Appellant argued that his income with his new employer, Bizzack Construction, was $3,234.40 per month. Based on the parties' incomes and Appellant's health insurance obligation for the child of $252.00 per month, and pursuant to KRS 403.213, Appellant moved to reduce his monthly child support obligation to $330.44.

A hearing on the motion was conducted on January 5, 2021. Upon taking proof, the court found that Appellant experienced a change in income greater than 15% which created a rebuttable presumption of changed circumstances for purposes of modifying child support under KRS 403.213(2). The court examined the parties' then-current incomes, the amount of funds in Appellant's checking account, expenditures he made for a vehicle and an engagement ring, and Appellant's insurance costs. Thereafter, on March 4, 2021, the circuit court entered an order modifying Appellant's child support obligation to $500.00 per month. The modification was made retroactive to January 1, 2021. This appeal followed.

### ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that the Laurel Circuit Court committed reversible error in modifying his child support obligation to the amount of $500.00 per month rather than $330.44 per month. He asserts that 1) the facts created a presumption that his child support obligation should be reduced; 2) the

circuit court abused its discretion under KRS 403.213 by considering Appellant's ability to pay more than was required; 3) the court abused its discretion by arbitrarily modifying child support as of January 1, 2021, rather than making the modification retroactive to the time his motion was filed; and, 4) the court improperly failed to consider the parties' equal timesharing. He seeks an opinion reversing the order on appeal and remanding the matter with instructions to award child support in the amount of $330.44 per month made retroactive to the filing of his motion for modification on November 6, 2020.

Appellant has failed to preserve this argument for appellate review. Kentucky Rules of Civil Procedure ("CR") 76.12(4)(c)(v) requires Appellant's brief to contain

> [a]n "ARGUMENT" conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

Appellant's ARGUMENT section of the brief does not contain a statement at the beginning with reference to the record showing whether each issue was properly preserved for review and, if so, in what manner.

Further, "a party is not entitled to raise an error on appeal if he has not called the error to the attention of the trial court and given that court an opportunity

-4-

to correct it." *Little v. Whitehouse*, 384 S.W.2d 503, 504 (Ky. 1964) (citation omitted). Appellant did not give the circuit court an opportunity to correct the alleged error by way of a CR 59.05 motion to alter, amend, or vacate.[1]

When an issue has not been preserved for appellate review, we examine the record only for manifest injustice. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021). "Manifest injustice is error [that] so seriously affect[s] the fairness, integrity, or public reputation of the proceeding as to be shocking or jurisprudentially intolerable." *Iraola-Lovaco v. Commonwealth*, 586 S.W.3d 241, 245 (Ky. 2019) (internal quotation marks and citations omitted).

The question for our consideration, then, is whether the order on appeal arose from error so seriously affecting the proceeding as to be properly characterized as manifest injustice per *Iraola-Lovaco* and the related case law. In considering Appellant's motion for modification of child support, the Laurel Circuit Court properly cited KRS 403.213(1) for the proposition that an award of child support may be modified only upon a material change in circumstances that is substantial and continuing. It found that Appellant experienced a diminution in income of greater than 15%, thus creating a rebuttable presumption of a material

---

[1] The order on appeal appears at p. 523 of the record. The next filing in the record is the notice of appeal.

change in circumstances per KRS 403.213(2). It noted that the burden rested with Appellee to overcome this presumption.

The court went on to hold that while Appellant experienced a decrease in his income, Appellee rebutted the presumption that this change was substantial. The court based this conclusion in part on its finding that as of August 26, 2020, Appellant had $74,983.74 in his checking account; that he made a $15,000 down payment on a 2019 Chevy truck; and, that he purchased a diamond engagement ring for his girlfriend. The court also based this conclusion on its finding that Appellant continues to earn more than Appellee, and possesses a higher level of education providing him with greater employment opportunities. The court then reduced Appellant's child support obligation from $1,000 per month to $500 per month.[2]

On one hand, the Laurel Circuit Court correctly noted that "[p]ursuant to KRS 403.213(1) the order of child support may only be modified if the material change in circumstances is substantial and continuing." On the other hand, the court found that Appellee "has rebutted the presumption that this income change has been substantial." Thus, after acknowledging that modification may only

---

[2] Appended to the order on appeal is a child support worksheet setting out the parties' respective incomes, their percentages of the combined parental income, and Appellant's healthcare cost for the child. Per the worksheet, Appellant's monthly child support obligation should be $330.44 per month.

-6-

follow a substantial and continuing change in circumstances, and then finding that Appellee rebutted the presumption that Appellant's change in income was substantial, the court nonetheless modified Appellant's child support. This is, in the language of *Iraola-Lovaco*, it was "jurisprudentially intolerable" and thus properly characterized as manifest injustice. Child support may not be modified after the court determines that the changed circumstances were not substantial and continuing. KRS 403.213(1).

In addition, though modification of child support is left to the sound discretion of the trial court, *Dickens v. Dickens*, 401 S.W.3d 489, 491 (Ky. App. 2013), it cannot reasonably be said that Appellant's diminution in income from $17,833.33 per month through his employment with Noble Energy, to $3,234.40 per month with Bizzack Construction, is not "substantial and continuing" for purposes of KRS 403.213(1). The facts do not support the circuit court's conclusion that Appellee rebutted the presumption that this diminution in income was substantial and continuing. As such, the court's conclusion on this issue constitutes an abuse of discretion.

Based on the worksheet appended to the order on appeal, it appears that the circuit court deviated from the child support guidelines set out in KRS 403.212.

> At the time of initial establishment of a child support order, whether temporary or permanent, or in any

> proceeding to modify a support order, the child support guidelines in KRS 403.212 shall serve as a rebuttable presumption for the establishment or modification of the amount of child support. Courts may deviate from the guidelines where their application would be unjust or inappropriate. *Any deviation shall be accompanied by a written finding or specific finding on the record by the court, specifying the reason for the deviation*.

KRS 403.211(2) (emphasis added). In its order modifying Appellant's child support obligation, the Laurel Circuit Court did not make a written finding on the record specifying the reason why it deviated from the statutory guidelines. This too constitutes manifest injustice per *Ford* and *Iraola-Lovaco*.

Lastly, Appellant argues that the Laurel Circuit Court improperly failed to consider the parties' equal parenting time per KRS 403.2121(1)[3] in calculating its award of child support. We agree. In the order on appeal, the circuit court found that the parties were sharing parenting on an alternating week basis. Child support pursuant to KRS 403.212 shall be subject to adjustment based on the parties' timesharing. KRS 403.2121(1).

## **CONCLUSION**

The Laurel Circuit Court modified Appellant's child support after finding that Appellee overcame the presumption that Appellant experienced a substantial and continuing change in circumstances. This constitutes manifest

---

[3] Effective March 1, 2022.

-8-

injustice pursuant to *Ford*, *supra*, as a modification of child support may occur only if the presumption of a substantial and continuing change in circumstances is not overcome. KRS 403.213(1). Appellant's approximately 82% diminution in income constitutes a presumption of a substantial and continuing change in circumstances which cannot be overcome, and the circuit court's finding to the contrary constitutes an abuse of discretion.[4] Accordingly, we reverse the order on appeal and remand the matter to the Laurel Circuit Court. On remand, the court shall conduct a hearing to determine the parties' respective incomes, the child's healthcare costs, and all other factors necessary to modify Appellant's child support obligation.[5] It must then apply the child support guidelines as set out in KRS 403.212, and accompany any deviation with specific findings in support of the deviation as required by KRS 403.211. Modification may be applied retroactively to the date of the filing of the motion for modification. KRS 403.213(1). The court must also adjust any award per KRS 403.2121(1) to reflect the parties' timesharing.

ALL CONCUR.

---

[4] The court did not find that Appellant was voluntarily underemployed, and did not impute income to Appellant.

[5] The parties' income and health insurance costs relied on by the circuit court are now more than one year old.

BRIEF FOR APPELLANT:          BRIEF FOR APPELLEE:

Douglas G. Benge            Hailey Scoville Bonham
London, Kentucky            London, Kentucky