RENDERED: JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0467-MR

RHONDA M. WILSON                                       APPELLANT

v.                 APPEAL FROM BOYLE CIRCUIT COURT
HONORABLE JEFF L. DOTSON, JUDGE
ACTION NO. 19-CI-00276

SARAH S. HOLT AND TOMMY
OWENS USED CARS, LLC                          APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; DIXON AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Rhonda M. Wilson ("Wilson") appeals, for a second time, from an order of the Boyle Circuit Court granting summary judgment in favor of Tommy Owens Used Cars, LLC ("Used Cars"). Based on our review, we reverse and remand.

The following is a summary of the background of this case from the first appeal:

> This case arose out of a car accident between Wilson and Sarah S. Holt ("Holt"). On October 14, 2016, Trevor Tarter ("Tarter") purchased a car from Used Cars via a conditional sales contract. Upon purchasing the car, Tarter signed a document titled "Agreement to Provide Physical Damage Insurance." The agreement included spaces for the purchaser to list his contact information, information about the car, the insurance agent, and the insurance company. Although Tarter signed the agreement, acknowledging he "ha[d] arranged for the required insurance through the insurance company shown below," Tarter did not provide the information of an insurance agent or insurance company.[1]
>
> On July 27, 2017, Holt was operating the car Tarter purchased via the conditional sales contract on U.S. Highway 150 in Boyle County when the car collided with Wilson's car. At the time of the accident, the dealer held the title to the car.
>
> Following the accident, Wilson filed a complaint against Holt, Used Cars, and State Farm Mutual Automobile Insurance Company. Upon filing a motion for summary judgment, the circuit court dismissed State Farm from the suit pursuant to an order entered March 6, 2020.
>
> On September 14, 2020, Used Cars moved for summary judgment arguing Tarter was deemed the owner of the car under KRS[2] 186.010(7)(a) and (b), even though Used Cars still held title to the car. Wilson

---

[1] On remand, Used Cars presented evidence that Holt provided proof of insurance the same day Tarter drove the car off the lot.

[2] Kentucky Revised Statutes.

opposed the motion arguing Used Cars failed to consider KRS 186.010(7)(c), which requires dealers to comply with the requirements of KRS 186A.220, for Tarter to be deemed to be the owner of the car for statutory purposes. KRS 186A.220 requires dealers to obtain proof of insurance from the purchaser, and Used Cars failed to obtain proof that Tarter had an insurance policy covering the car. Wilson argued, because Used Cars failed to obtain proof of insurance, Used Cars was deemed to be the owner of the car and was liable for the collision.

After hearing argument from the parties, the circuit court granted summary judgment in favor of Used Cars. The circuit court found Used Cars substantially complied with the statute because Used Cars submitted the agreement under which Tarter averred he had an insurance policy covering the car. [The first] appeal followed.

*Wilson v. Holt*, 2020-CA-1623-MR, 2021 WL 5406358, at *1 (Ky. App. Nov. 19, 2021).

In the first appeal, we held the circuit court erred in granting summary judgment. Used Cars' reliance on Tarter's signature averring that he had an insurance policy covering the car did not meet the KRS 186A.220(5)(b) requirement for Used Cars to obtain proof of insurance before Tarter drove the car off the lot. *Wilson*, 2021 WL 5406358, at *3.

On remand, Used Cars renewed its motion for summary judgment based on evidence in its possession, but that it failed to include with its first motion for summary judgment. Tre Owens ("Tre") took over the business after his grandfather, Tommy Owens, passed away. Tre recalled Holt provided proof of

-3-

insurance to Used Cars the same day Tarter purchased the vehicle. Used Cars attached to its motion a screenshot of an email from Holt dated the same day Tarter purchased the car with an insurance card attached to the email. Used Cars did not submit any evidence that the insurance card was provided before Tarter drove the car off the lot.

The circuit court heard oral argument from the parties and took the matter under submission. The video recording was not made part of the record. On April 13, 2022, the circuit court granted summary judgment in favor of Used Cars, finding Used Cars strictly complied with the statute because it obtained "insurance cards bearing the same date the car was purchased by Trevor Tarter." Record ("R.") at 219. This second appeal followed.

On appeal, Wilson argues the circuit court erred in granting summary judgment because: (1) the motion was barred by the law of the case doctrine; (2) Used Cars failed to comply with KRS 186A.220; and (3) there were genuine issues of material fact.

First, Wilson argues Used Cars summary judgment motion was barred by the law of the case doctrine.

> The law of the case doctrine is "an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for a subsequent trial or appeal. . . ." *Union Light, Heat & Power Co. v. Blackwel's Adm'r*, 291 S.W.2d 539, 542 (Ky. 1956). That doctrine is the mechanism by which

-4-

matters once litigated and finally determined remain so.

*TECO Mechanical Contractor, Inc. v. Kentucky Labor Cabinet*, 474 S.W.3d 153,

158 (Ky. App. 2014).

The law of a case is a strict rule, but there are exceptions and limits to

its application. In *Patmon v. Hobbs*, 495 S.W.3d 722, 729 (Ky. App. 2016), this

Court explained "the law-of-the-case doctrine applies only to the extent that an

issue was actually resolved. As stated in *H.R. ex rel. Taylor v. Revlett*, 998 S.W.2d

778, 780 (Ky. App. 1999), '[t]he crucial requirement is that the appellate court

enters a final decision on the question rather than merely commenting on the

issue.'" This Court applied this principle to the facts of the case:

"Although *Patmon I* placed the burden of proof on Patmon on remand to

demonstrate American Leasing had the financial ability to perform the O'Reilly

leases, *Patmon I* did not address the proof necessary to meet that burden." *Id.*

Here, we simply held the circuit court erred in granting summary

judgment in favor of Used Cars because it failed to obtain proof of insurance for

the car Tarter purchased. We did not hold that because of Used Cars' failure to

submit adequate proof of insurance in support of its motion for summary judgment,

it was the statutory owner of the car and thus liable to Wilson for damages

stemming from the accident. We did not dictate that the parties were prohibited

from submitting additional evidence on the matter of Used Cars' liability and did

not direct the circuit court to enter an order denying Used Cars' motion for summary judgment. We simply remanded the case for further proceedings leaving the circuit court with discretion to determine how to proceed. Thus, we do not believe the law of the case squarely applies in this instance.

Second, Wilson argues Used Cars failed to comply with KRS 186A.220. In the first appeal, we held the circuit court erred in granting summary judgment because Used Cars failed to obtain proof of insurance from Tarter under KRS 186A.220(5)(b), which provides:

> The dealer may, with the consent of the purchaser, deliver the assigned certificate of title, and other appropriate documents of a new or used vehicle, directly to the county clerk, and on behalf of the purchaser, make application for registration and a certificate of title. In so doing, *the dealer shall require from the purchaser proof of insurance* as mandated by KRS 304.39-080 before delivering possession of the vehicle.

(Emphasis added.)

Our decision in the first appeal was based on *Gainsco Companies v. Gentry*, 191 S.W.3d 633 (Ky. 2006). There, a dealer sold a car to a purchaser but failed to discuss insurance coverage. *Id.* at 635. The dealer sold the car on a Saturday and verified insurance coverage on Monday. *Id.* The purchaser was in an accident three days after the dealer verified the purchaser's insurance coverage. *Id.* Our Supreme Court held: "By failing to strictly comply with the statutory procedures of KRS 186A.220(5)," the dealer "failed to validly transfer ownership

-6-

of the truck to" the purchaser.  *Id.* at 637.  "Accordingly, Gainsco is the primary insurer of the car because" the dealer "continued to be the owner of the truck at the time of the accident.  The fact that [the purchaser's] insurance policy would have covered the vehicle if he had become the owner is, therefore, completely irrelevant." *Id.*

In *Travelers Indemnity Company v. Armstrong*, 565 S.W.3d 550 (Ky. 2018), our Supreme Court examined the distinction between transactions between a dealer and a purchaser for use and dealer-to-dealer transactions and left *Gainsco* intact.  The Supreme Court analyzed KRS 186A.220 in the context of dealer-to-dealer transactions and held "substantial compliance, *i.e.*, late compliance," with sections 1 to 4 "may still allow the dealer to take advantage of the exception in KRS 186.010(7)(c)." *Id.*

However, the Court reaffirmed its holding in *Gainsco* regarding KRS 186A.220(5) in transactions between a dealer and a purchaser for use:

> the burden is on the dealer, when selling to a purchaser
> for use, to actively verify that the buyer has insurance
> *before transferring possession of the vehicle*.  Failure to
> promptly comply with the requirements of KRS
> 186A.220(5) in a transaction with a purchaser for use
> cannot be cured and the dealer may still be considered
> the "owner" of the vehicle in question.

565 S.W.3d at 567 (emphasis added).  The Court opined that compliance "cannot be cured," but use of the word "may" in its discussion of whether a dealer may be

considered the owner of the vehicle left the section open to possible future exceptions. *Id.* However, *Gainsco* remains good law. No Kentucky case has held substantial compliance is sufficient for the proof of insurance requirement of KRS 186A.220(5)(b).

We now turn to application of *Gainsco* to the facts of this case. Tarter purchased a vehicle from Used Cars on October 14, 2016, under a conditional sales agreement. Tarter signed a form agreeing to provide physical damage insurance, but the form does not include his insurance agent and company information. On remand, Used Cars submitted a screenshot of an email dated October 14, 2016, at 11:19 a.m. from Sarah Holt with an insurance card for the purchased vehicle. R. at 204. Used Cars did not submit evidence that the insurance card was submitted before Tarter drove the car off the lot. Approximately nine months later, on July 27, 2017, Holt was driving the purchased car and was in an accident with Wilson. Because Tarter purchased the car under a conditional sales contract, the dealer still held the title on the date of the accident. The circuit court found Used Cars "strictly complied with KRS 186A.220 and [was] not liable for damages resulting from the automobile collision that is the subject of this case" because Used Cars submitted "a copy of an email and automobile insurance cards bearing the same date as the car was purchased by Trevor Tarter." R. at 219.

This finding does not comport with the plain language of *Gainsco* and *Armstrong*. Used Cars admits in its brief that Holt produced the insurance card "the same day as the sale of the vehicle." Appellee Brief at 4. There is no evidence Used Cars strictly complied with the statute by obtaining proof of insurance *before* Tarter drove the car off the lot as required by our Supreme Court.

Though the accident occurred months after Tarter drove the car off the lot, Used Cars still held the title to the car under the conditional sales contract. Had Used Cars not retained the title to the car, it likely would not be liable for this accident. Used Cars had two opportunities to prove it strictly complied with the proof of insurance requirement and has failed to do so both times. It submitted no evidence to prove the insurance card was submitted before Tarter drove off the lot. The screenshot of Holt's message is insufficient. Used Cars did not accompany the screenshot with an affidavit from either Holt or Tre. And, if Used Cars had received the message before Tarter drove the car off the lot, the insurance information would have been listed on Tarter's paperwork. It was not. Instead, Used Cars relied on Tarter's promise to provide proof of insurance.

Though the Supreme Court of Kentucky hinted in *Gainsco* that it might consider exceptions to the strict compliance proof of insurance requirement, it has not done so. We are "bound by and shall follow applicable precedents established in the opinions of the Supreme Court and its predecessor court."

Kentucky Supreme Court Rule 1.030. Thus, even if we were sympathetic to Used Cars, we lack the authority to deviate from our Supreme Court's holding that car dealers must strictly comply with the proof of insurance requirement in KRS 186A.220(5)(b) by obtaining before a car leaves the lot.

Based on the foregoing, we reverse the judgment of the Boyle Circuit Court and remand with instructions to deny Used Cars' motion for summary judgment finding it the owner of the car for failing to strictly comply with KRS 186A.220(5)(b) and, thus, liable for the collision.

THOMPSON, CHIEF JUDGE, CONCURS.

DIXON, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

DIXON, JUDGE, DISSENTING: While I acknowledge this Court is constrained by our Supreme Court's decision in *Gainsco*, I nevertheless agree with the dissent in that decision that this ensuing result is absurd and unreasonable. Justice Graves, writing the dissent in this four-to-three decision aptly stated:

> "A statute should not be interpreted so as to bring about an absurd or unreasonable result. The policy and purpose of the statute must be considered in determining the meaning of the words used." *Kentucky Industrial Utility Customers, Inc. v. Kentucky Utilities Co.*, 983 S.W.2d 493, 500 (Ky. 1998). It elevates form over substance to an unreasonable degree to hold an automobile dealer, who takes the necessarily remedial steps, indefinitely responsible for the insurance coverage on a vehicle that was transferred to an insured owner simply because verification did not occur in the proper sequential order.

-10-

*Gainsco Companies v. Gentry*, 191 S.W.3d 633, 639 (Ky. 2006) (Graves, J.,

dissenting).  Justice Graves further noted:

> If there was a deficiency in [the dealership's] verification
> of insurance at the time of the sale, the transfer of
> ownership of the vehicle was completed when [the
> dealership] directly contacted [the insurance company]
> on the following Monday.  Although this verification
> occurred after possession of the vehicle was transferred
> where KRS 186A.220 requires verification before the
> transfer of possession, it nevertheless cured any
> deficiency.

*Id.*  Herein, the automobile accident occurred more than ***nine months*** after Tarter

purchased the vehicle from Used Cars.  There appears to be no dispute that Tarter

actually had obtained insurance the same day he purchased it.  Nevertheless,

apparently, under *Gainsco*, the failure to ensure insurance coverage prior to

transfer of possession renders a car dealership liable for any automobile accident

for at least as long as the buyer keeps the car.  Such is the poster image of an

absurd interpretation of KRS 186A.220.  I would affirm.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE TOMMY OWENS USED CARS, LLC: |
|---|---|
| Larry F. Sword<br>Somerset, Kentucky | Jamie Wilhite Dittert<br>Katie Bouvier<br>Lexington, Kentucky |